### In re JOHNSON.

### WEAKLEY v. JOHNSON.

(Circuit Court of Appeals, Fifth Circuit. November 22, 1923.)

No. 4189.

1. **Homestead 164—Residence in which children continue to live not abandoned as homestead by bankrupt's purchase of residence in another city.**

  Where bankrupt, with his nine children, occupied a residence in one city until just before his second marriage, when he moved to another city, began business and purchased a residence there, in which he and his second wife lived until the time of the bankruptcy, the residence first mentioned *held* not abandoned as a homestead, in view of the fact that his children continued to occupy it, and bankrupt intended to return and occupy it as a homestead at some future time, and the sale of his other residence prior to bankruptcy.

2. **Bankruptcy 400(4)—Trustee has burden of showing abandonment of homestead.**

  The trustee in bankruptcy has the burden of showing that bankrupt abandoned a homestead which he once occupied.

3. **Homestead 161—Essential elements of "abandonment" of residence homestead stated.**

  To constitute an "abandonment" of a Texas residence homestead, there must be a discontinuance of the use of the premises for home purposes, coupled with an intent not to again use it as a home.

  [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Abandon—Abandonment.]

Petition to Superintend and Revise from the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

---

For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In the matter of John Underwood Johnson, bankrupt. Petition by Warren Weakley, trustee, to superintend and revise an order of the District Court reinstating a residence homestead exemption in favor of bankrupt. Order affirmed.

Harry Tom King, of Abilene, Tex. (Kirby, King & Overshiner, of Abilene, Tex., on the brief), for petitioner.

W. H. Sewell, of Breckenridge, Tex., for respondent.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is a petition to superintend and revise from the District Court of the United States for the Northern District of Texas, and arises out of the claimed right of the bankrupt to a homestead exemption. The report set aside to him as a residence homestead a dwelling in Abilene, Tex. The trustee filed exceptions to the report as it related to this property. The referee sustained the exceptions and disallowed the residence homestead. The District Judge, upon a petition to review the order of the referee, reinstated the residence exemption in favor of the bankrupt. The trustee now asks to have the ruling of the District Judge revised in matter of law, as applied to the facts found by the referee.

[1] Those facts briefly stated are as follows: The bankrupt claimed as exempt a residence homestead of the probable value of $14,000 in Abilene, a business homestead in Ovalo of the probable value of $6,000, and certain household effects of the probable value of $4,000. The only contest was as to the residence homestead. The bankrupt's first wife died prior to November, 1918. After her death, and about that time, the bankrupt purchased the Abilene dwelling, and moved there with his nine children, continuing to use it as a residence homestead until about the time of his second marriage. Just before his second marriage he moved to Eastland, Tex., and since has continued to live and do business there until bankruptcy. He has not lived in Abilene since his second marriage, but remained in possession of the Abilene dwelling through the occupancy of his nine children, of whom five were minors. A child was born to his second wife, which lived with its parents in Eastland up to the time of bankruptcy. At the time the bankrupt removed from Abilene to Eastland, he purchased a residence there for $5,500, which he continued to occupy, together with his second wife and her child, until bankruptcy occurred. About 30 days before bankruptcy, he sold the Eastland dwelling, but continued to occupy it thereafter as a tenant of the purchaser.

From the time of his removal to Eastland, both the bankrupt and his second wife did business at Eastland, and the bankrupt had a branch store at Ovalo, but did no business at Abilene. The household effects which the bankrupt claimed as exempt were located in the Eastland and Abilene dwellings. He claimed his business homestead in Ovalo. He paid his poll tax for the years of 1920 and 1921 in Eastland county, and last voted at Abilene in 1919. He had never settled with his nine children, concerning their part of the com-

munity estate of their deceased mother. He used the Abilene property as a home for these children. The referee found that the bankrupt intended to make the Abilene dwelling the home of himself, his second wife, and child, and to provide another dwelling for the children of his first wife, but that he never at any time had a fixed intention as to what date he would move back to Abilene and occupy the premises there as his home, and that he had no fixed time in his mind as to when he would quit doing business in Eastland; that depending upon the outcome of the oil boom then in progress there. The referee further found that the bankrupt had stated to reliable parties that he expected to make Abilene his home, and had refused to sell his dwelling there, or offer it for sale.

[2, 3] On these facts, the referee concluded that the mere intention of the bankrupt to move to Abilene and make the Abilene property his home, coupled with his previous occupancy of it as a homestead, and the continued occupancy of it by his minor children as a home, should not overcome the effect to be given the actual occupancy by him of another and different place of residence. It must be conceded that the Abilene dwelling was at one time the home of the bankrupt. The trustee assumes the burden of showing that the bankrupt had abandoned it. To constitute the abandonment of a residence homestead, under the Texas decisions, there must be a discontinuance of use of the premises for home purposes, coupled with an intention not to again use it as a home. Mere intention is not enough, where the use for homestead purposes continues. Nor is temporary disuse sufficient, if there is present an intention to return to it in the future and to reoccupy it as a home. The trustee seeking to establish abandonment must show (1) cessation of use as a home, and (2) the intention not to resume occupancy again for that purpose. Either use or occupancy for homestead purposes is enough to defeat the claim of abandonment. Archibald v. Jacobs, 69 Tex. 248, 6 S. W. 178; Welborne v. Downing, 73 Tex. 527, 11 S. W. 502; Pierce v. Langston (Tex. Civ. App.) 193 S. W. 745; Edwards v. Clemmons (Tex. Civ. App.) 181 S. W. 840; Staten v. Harris (Tex. Civ. App.) 239 S. W. 336; Little v. Baker (Tex. Sup.) 11 S. W. 549; Cassidy v. Shepherd, 20 Tex. 30; Bogart v. Cowboy Trust Co. (Tex. Civ. App.) 182 S. W. 681.

Applying these rules to the facts as found by the referee, we think the District Judge was right in concluding that the bankrupt had not abandoned the Abilene property as his residence homestead at the time of the filing of the petition. Prior to that time there had been a constant use of it for the protection of his minor children and a constant occupancy of it by him through them. There was an expressed intention on his part to resume occupancy with his new family, not at any definite date, but when he gave up his business in Eastland, which he ultimately intended to do. In the interim, he was occupying with his new family a residence purchased by him in Eastland. He could have made that his homestead to the exclusion of the Abilene dwelling but he did not. His temporary occupancy of the Eastland house, even while he owned it, if accompanied with an intention to

leave it and return to his original homestead at Abilene, would not prevent his claiming the latter as his homestead. He could not have two, but could elect which of two he would claim. When he sold the Eastland dwelling before bankruptcy occurred, he elected to claim homestead in his Abilene property.

Even if he was persuaded to do so, because he had then no substantial equity in his Eastland property, this would not avoid his selection; nor would his continued temporary occupancy of his Eastland residence, as a tenant, until bankruptcy, prevent his selection of the Abilene property, as his residence homestead, if he intended to return to it, and if, in the interim, it was used by him as a home for his minor children. Both these facts are found by the referee. The fact that he claimed household goods in each of the two dwellings is neutral as to his intention. His selection of a residence home cannot be controlled by his selection of a business homestead at Ovalo, 20 miles from Abilene. Robinson v. Eikel (C. C. A.) 285 Fed. 732, might invalidate the selection of the business homestead, but could not affect his residence homestead. The continued occupancy of the Abilene property by him through his minor children, accompanied by an intention on his part to return at some future time and occupy it as his homestead, prevents the conclusion of abandonment. Any doubt arising out of his ownership of two homes was resolved by the sale of the Eastland home, which occurred before bankruptcy, and by his declaration of his intention to return when he gave up business at Eastland.

The trustee failed to sustain the burden of showing abandonment upon the facts as found by the referee, and the order of the District Judge, allowing the bankrupt the Abilene property as a residence homestead, is affirmed.