## MARY O. ARTO V. H. A. MAYDOLE.

(Case No. 1092.)

1. HOMESTEAD.— It is not necessary, under the constitution of 1876, that a block of ground enclosed and adjoining one on which a dwelling house stands, should be necessary to the enjoyment of the dwelling house as a homestead, to be protected as a part of the homestead from forced sale. The question is one of fact as to whether it constituted a part of the designated homestead.

2. SAME.— The fact that such a lot in a town or city may have been used as an approach to the mansion, or for purposes of ornamentation or pleasure only, would not divest it of its homestead character. The law in such a case would not make the distinction between necessity and convenience determine the homestead character of the property.

3. HOMESTEAD — CHARGE OF COURT.— See opinion for a charge of the court, which, though abstractly proper, was calculated to mislead the jury, by withdrawing from their consideration the question of fact as to whether certain property was a part of the homestead.

APPEAL from Harris. Tried below before the Hon. James Masterson.

Suit by injunction, by Mary O. Arto, the appellant, against H. A. Maydole, the appellee, praying the judge to enjoin H. A. Maydole from selling as substitute trustee, as he had advertised to do, block forty-four of the S. M. Williams survey, in the city of Houston, under a deed of trust, executed by Susan Arto, on the 12th day of September, 1876, to W. W. Downing, for the use of Beulah Downing, to secure one thousand dollars and interest, loaned to Susan Arto by Beulah Downing. The writ of injunction was prayed for on the grounds that block forty-four was at the time of the execution of the deed of trust, a part of the homestead of Susan Arto, who was at the time the head of a family; and had been the homestead of herself and her deceased husband and of their family, long before; that the plaintiff purchased block forty-four from Susan Arto after the execution of the deed of trust, but after Susan Arto had acquired the right and title of the other heirs to whom block forty-four had been in part partitioned, and that when plaintiff purchased, it was at that time a part of the homestead of Susan Arto, and was used and enjoyed as a part of the homestead of Susan Arto and her family.

The judge granted the injunction, and the petition was filed in the district court of Harris county on the 4th day of May, 1878.

When the case came to be tried on its merits, the appellee, Maydole, in his answer presented two issues:

Maydole denied that block forty-four was ever a part of the homestead of Susan Arto and her husband, and denied that it was a part of the homestead of Susan Arto at the time the deed of trust was executed.

He alleged that the beneficiary in the deed of trust, Beulah Downing, was induced to lend the money by the statements of John Arto, son of Susan Arto, representing himself to be her agent, that his mother, Susan Arto, did not claim block forty-four as a homestead.

The main issue made between the parties was whether, at the time of the execution of the deed of trust, block forty-four was a part of the homestead of Mrs. Susan Arto. Verdict and judgment for Maydole.

The court instructed the jury that the use of a walk for family ingress and egress over the block No. 44, and being the only outlet from the dwelling, would not be sufficient to make the property a part of the homestead, although it was not denied that block forty-four was enclosed and duly separated from the dwelling house by a fence with a gate through it. The evidence showed that there was no street between block forty-four and the mansion house. Block forty-four was used for grazing purposes. The front entrance to the house was reached by way of a raised walk across block forty-four, and by this walk through that enclosed block the family found ingress and egress to the dwelling house, which was situated only fifteen feet from the north line of block forty-four. Other facts are apparent from the opinion.

*Barziza & Oliver*, for appellant.

BONNER, ASSOCIATE JUSTICE.— Prior to the constitution of 1876, the homestead, by deed of trust duly executed, could be made security for an indebtedness other than the purchase money. Jordan *v.* Peak, 38 Tex., 429.

By section 50, art. XI of that constitution, however, it is declared that . . . "no mortgage, trust deed or other lien on the homestead shall ever be valid, except for the purchase money therefor, or improvements made thereon, as hereinbefore provided, whether such mortgage or trust deed, or other lien, shall have been created by the husband alone, or together with his wife; and all pretended sales of the homestead involving any condition of defeasance shall be void."

The trust deed under consideration was made subsequently to the adoption of this constitution.

The legal effect of the verdict was to find that at the date of the trust deed, block 44 was not part of the homestead of Susan Arto.

This verdict should control the disposition of the case, unless there was error in the charge of the court by which it might have been improperly influenced.

The charge given, virtually instructed the jury as a question of law, that block 44 was not part of the homestead, unless it was a necessary adjunct thereto for its full enjoyment, although it might have been a convenience for this purpose.

A homestead in a city need not necessarily be confined to one lot, but may consist of one or more, provided that the same shall be used for the purpose of a home, or as a place to exercise the calling or business of the head of a family. Const. 1876, art. XI, sec. 51.

With this and the further restriction, that the lot or lots shall not, without reference to the improvements, exceed in value $5,000, at the time of the designation as a homestead, it would be immaterial that the homestead may have consisted of both block 35 and adjoining block 44.

The question is not whether any portion of this adjoining block may have been a necessity or a mere convenience to the enjoyment of the homestead, but whether, in fact, it was a part of the homestead. If it was, the fact that it may have been used as an approach to the mansion, or for purposes of ornamentation or pleasure grounds only, would not defeat it of the homestead protection. The law in such cases would not draw the line between necessity and convenience; at what point the homestead commences, and where it ends; but the whole question is one of fact, whether the part sought to be sold was embraced within a designated homestead protected by the constitution.

The charge given, and which was sought to be cor-

rected by the charge asked and refused, but which itself was not unobjectionable, was calculated to mislead the jury by withdrawing this question of fact from their consideration, and was therefore error, for which the judgment must be reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered January 25, 1881.]