### E. FARMER v. PHILLIP H. HALE ET AL.

Delivered June 13, 1896.

1. **Homestead Not Abandoned by Long Removal With Intention to Return.**

A physician who owned and occupied a homestead of 37 acres, situated near a small village, purchased a residence in the village and removed there in order to more conveniently locate himself to practice, and resided there for thirteen years, when he sold the town property and rented a residence in another town in the same county, where he resided for two years, when he moved back to the homestead, but after the record of an abstract of judgment against him. At all times after his removal from the homestead place, he had it cultivated by hired labor, or rented it from year to year, and during that period declined to sell it, saying that he intended to keep it as a home, and often expressed his intention of moving back. Held, that the evidence showed no intention of permanently abandoning the homestead.

2. **Same—Sister as Member of Family.**

Where a sister resides with her brother, a widower without children, keeps house for him and is supported by him, she is a member of his family within the homestead law.

APPEAL from Tarrant. Tried below before Hon. W. D. HARRIS.

*Robert S. Blair*, for appellant.

*B. P. Eubank*, for appellee.

HUNTER, ASSOCIATE JUSTICE.—This suit was filed by the appellant on December 1, 1894, in the District Court of Tarrant County, against Philip H. Hale and E. A. Euless, the latter being sheriff of Tarrant County, to enjoin the sale of 37 acres of land lying within one-quarter of a mile of Birdville, a small village in Tarrant County, which had been levied upon by the sheriff under an execution issued from a Justice's Court on a judgment against the appellant E. Farmer in favor of

Philip H. Hale for the sum of $152.50 and costs of suit, which judgment had been on October 2, 1894, abstracted according to law in the abstracts of judgments. The ground upon which the injunction was sought was that the property was the homestead of appellant, and had been since the year 1869, at which time the appellant purchased the property in controversy and resided thereon with his wife and child and used the same as a homestead until the year 1879. While living upon the premises he used part of it for making crops and farming purposes, and a portion for pasturage, and he also practiced medicine while living thereon.

The appellees contend that he abandoned the premises and acquired another homestead at Birdville in the year 1879, and that by reason thereof the property became subject to execution. In reply appellant contends that he rented the premises temporarily, not with the intention of abandoning them as a home, but always intending to return to them, and that he only left them for the purpose of more conveniently locating himself in the practice of his profession.

The case was tried by the court without a jury, and we find from the conclusions of fact found by the court below and the statement of facts contained in the record the following facts:

Appellant being a married man in 1869, purchased the property described in his petition, and about that time moved upon it and resided on the same, using it for the purposes of a home until the year 1879. He used it partly for farming and partly as a pasture, having also his dwelling houses and outhouses thereon, and during which time he was a practicing physician. In the year 1879, in order to more conveniently locate himself to practice his profession, he bought a lot in Birdville, a small village in Tarrant County, one-quarter of a mile from his home, and moved on to it, and temporarily rented out his homestead aforesaid, retaining, however, the use of the pasture, and continued to reside at Birdville until the year 1892, either renting his homestead every year or having it cultivated by hired labor, and also using the pasture for his horses and other stock. His wife died in the year 1880, his child having died prior thereto. His sister lived with him, kept house for him, and was dependent upon him for support. He remained on this property at Birdville until 1892, when he sold it and rented a house in North Fort Worth, to which he moved with his sister, and continued the practice of his profession, intending, as he declared, to ultimately return to the property in question, which he always spoke of as his home.

While living in Birdville in 1880, parties offered to purchase the premises in controversy, when appellant declined to sell, saying he intended to keep it as a home to fall back on, if necessary; and while residing in North Fort Worth during the years 1893 and 1894, he expressed his intention of moving back to this property, speaking of it as his home.

Birdville is a small unincorporated village, but laid off into lots and

blocks and streets, contains two stores, two blacksmith shops, a church and schoolhouse, and a postoffice, and about a dozen families reside in the boundaries as laid off. This has been about the status of the village from 1878 until now.

On the 2d day of October, 1894, Phillip H. Hale, appellee herein, recovered a judgment against appellant in the Justice's Court of Precinct No. 1, Tarrant County, Texas, in cause No. 3184, for the sum of $152.50, with interest thereon from said date at six per cent per annum, together with all costs of suit, amounting to $5.30. On said 2d day of October, 1894, said Phillip H. Hale caused an abstract of said judgment to be issued in said cause, and on the same day caused the same to be duly filed, abstracted, recorded and indexed in the County Clerk's office of Tarrant County, Texas.

The evidence, to our minds, establishes that it was not his intention to abandon his homestead rights in the property in controversy, but that he always intended to move back to it at some time in the future, if he should not be successful in the practice of medicine. After the judgment of appellee was abstracted, but before the levy of the execution, appellant, in the autumn of 1894, moved from North Fort Worth back to the premises in controversy, and has continued to reside there ever since.

From the above facts we are of opinion that the property in question was the homestead of appellant at the time appellee's judgment was abstracted and at the time his execution was levied, and that no judgment or other lien, therefore, was fixed thereon, and that appellant is entitled to a decree so declaring, and perpetually enjoining appellees from selling said property.

In Graves v. Campbell, 74 Texas, 579, Chief Justice Stayton, in delivering the opinion of the court, said: "One having acquired domicile does not lose it without removal from it with intent not to return, and the same is true as to abandonment of a homestead once acquired. The burden of proof in either case rests upon the person asserting the affirmative of the proposition."

The question is one of intention, and the record here discloses that Farmer often, during the time of his absence both at Birdville and at Fort Worth, declared his intention of returning to this property some time in the future, and he declined, while living at Birdville, to sell, for the reason, as he said, that he intended to keep it for a home to fall back on.

His long absence from it, and his purchase and occupation of another residence at Birdville is explained, and as explained is not inconsistent with his declarations of intention to return to it as his home. It was only rented from year to year, and when he failed to get a tenant he hired it cultivated, and he used the rents and crops made to support himself and sister, who, it seems, composed his family, she keeping house for him and he supporting her in turn for her labor and services. This he was under moral obligation to do.

At the time appellee attempted to fix a lien upon it appellant owned no other real estate except an unimproved lot in Amarillo, Texas, which he traded for and had never seen, he having sold the place he lived on at Birdville in 1892, and was declaring this property to be his homestead and expressing his intention of returning thereto.

There ought to be clear and unmistakable evidence of an intention to abandon the homestead, before courts award it to creditors, and in this case it does not so appear, but the great preponderance of the evidence is to the contrary.

As this case was tried by the court without a jury, and the evidence being wholly insufficient to sustain the court's conclusion that appellant had abandoned his homestead rights in the property, we therefore reverse the judgment herein rendered dissolving the injunction, and render here the judgment that should have been rendered by the District Court. It is therefore ordered and decreed that the temporary injunction granted herein by the District Judge on November 3, 1894, restraining and enjoining appellees from selling said premises, be and the same is hereby perpetuated, with all costs to be taxed against appellees.

*Reversed and rendered.*

### ON MOTION FOR REHEARING.

HUNTER, ASSOCIATE JUSTICE.—It is insisted in this motion that we have disregarded the finding of the trial judge upon the facts. We do not so understand it. It is not stated in his conclusions of fact that appellant intended by his removal from the property in question to abandon it as a home, but on the contrary it may be inferred therefrom, we think, that such was not his intention in fact.

The conclusion of law which we reject is: "That by the removal from the premises in controversy in 1878" (should be 1879) "and purchase and residence upon the premises in the town of Birdville, as shown in the conclusions of fact, plaintiff abandoned the said premises in controversy as his homestead and acquired a new homestead in said Birdville."

If the trial judge had found from the evidence that appellant intended to abandon said premises as a home when or after he removed therefrom, our decision would not be unanimous, because at least one member of the court (Justice Stephens) is of the opinion that such finding under the facts of this case would have been conclusive upon this court, the testimony of appellee being (in his opinion) at variance with his conduct in acquiring and occupying the Birdville residence for thirteen years.

The motion for rehearing is denied.

Writ of error refused.                                                    *Overruled.*