## STANDARD PAVING CO. v. TOLSON et al.

## No. 1625.

Court of Civil Appeals of Texas. Waco.

Sept. 26, 1935.

Rehearing Denied Oct. 31, 1935.

H. B. Sanders, of Dallas, for appellant.

Naman, Howell & Brooks, of Waco, for appellees.

## GALLAGHER, Chief Justice.

This suit was instituted by the city of Waco, for the use and benefit of the Standard Paving Company, a corporation, against Miss Eva Tolson, the Mortgage Bond Company of New York, a corporation, and C. K. Durham, to recover against Miss Tolson an unpaid balance due on a special paving assessment levied by said city on the 17th day of August, 1926, and evidenced by certificate duly issued, on a tract of land therein owned at the time of such levy by Miss Tolson, and for foreclosure of a statutory paving lien thereon against all the defendants. The Standard Paving Company, on the same day, intervened in the cause and affirmatively asserted its rights under said certificate. The pleadings of the respective parties were sufficient to support the judgment and raise the issues hereinafter discussed.

On the 3d day of December, 1925, prior to the levy of said assessment, Miss Tolson executed and delivered to the Mortgage Bond Company her promissory note for the sum of $3,000, and to secure the payment of the same also executed and delivered to said Mortgage Bond Company a deed of trust on said tract of land. The indebtedness evidenced by said note was incurred for the repair and enlargement of the improvements on said property. Thereafter, on November 30, 1926, unpaid interest having accumulated on said indebtedness, Miss Tolson renewed the same by executing and delivering to the Mortgage Bond Company her promissory note for the sum of $3,500, and again secured the same by a deed of trust on said tract of land. C. K. Durham was the trustee in said second deed of trust and was by the terms thereof authorized to sell said property for the satisfaction of said indebtedness in case of default in stipulated payments. Such default was made and said Durham having refused to act, said Mortgage Bond Company, under further provisions of said deed of trust, appointed Hilton E. Howell as substitute trustee to execute said power, and he, on February 2, 1932, sold said property at public sale to said Mortgage Bond Company for the sum of $3,500. The proceeds of sale were credited on said indebtedness, but were insufficient to pay the same in full. Miss Tolson and the Mortgage Bond Company assailed the validity of the paving lien sought to be enforced herein on the ground that at the time the assessment was levied Miss Tolson was, within the meaning of the law, the head of a family, and was occupying said property as her homestead.

The court, trying the case without a jury, heard the testimony and rendered judgment in favor of the Standard Paving Company against Miss Tolson on her personal statutory liability as owner of said property at the time of said assessment in the sum of $616.58. The court, however, held and recited in his judgment that Miss Tolson was at the date of the levy of such assessment occupying such property as a homestead for herself and her dependent widowed sister, and ordered that the city of Waco and the Standard Paving Company take nothing by their suit against the Mortgage Bond Company and Durham. Standard Paving Company alone has perfected an appeal.

## Opinion.

Appellant presents as ground for reversal a group of propositions in which it contends that the testimony in this case was insufficient to show that the relation between Miss Tolson and her sister, Mrs. Blake, was of such character as to constitute their association a family and Miss Tolson the head thereof. Miss Tolson was never married. The property involved herein was the homestead of her parents, and she had lived thereon from childhood. Prior to 1919 she acquired full title to said property from the other heirs. She continued to reside thereon and to rent rooms or apartments not needed for her personal use as a means of increasing her

income. She was at that time and had been for many years employed as a teacher in the public schools of Waco at a regular salary. She had only one living sister, Mrs. Eugenia Tolson Blake, the wife of J. H. Blake. He died during the year 1919, leaving his wife destitute. Mrs. Blake was then more than sixty years of age. It is not shown that she was fitted for any remunerative employment. On the death of her husband she came to live with her sister. Miss Tolson was about ten years younger than Mrs. Blake and exhibited more than ordinary affection for her. She not only furnished Mrs. Blake a home, but supported her continuously thereafter until her death, which occurred in 1931. Miss Tolson's eyesight failed, and she was compelled to resign her position in the schools. She, however, continued to rent rooms or apartments in her home as she could find tenants therefor and was able to maintain herself and sister without financial assistance until about the year 1929. After that time her brother gave her some financial aid, which consisted principally in paying interest on the lien debt and installments on the paving assessment. Shortly after the death of Mrs. Blake in 1931, Miss Tolson became paralyzed, and she was at the time of trial unable to come to court and testify. After the sale of her home in 1932 under the deed of trust, as before recited, she moved to a rented apartment and is being supported by her brother. He was the only witness who testified on the issues under consideration, and his testimony was not in any way contradicted or discredited.

■■ Our Supreme Court has held that the family relation is one of status; that there must be legal or moral obligation on the head to support the other member or members, and that there must be a corresponding dependence upon the part of such member or members for support. Roco v. Green, 50 Tex. 483, 490. Such social status exists between two sisters when there is a moral obligation on the part of one to support and care for the other, and when the necessity for such care and support exists. In such cases they constitute a family, and the sister who is the head of such family is entitled to a homestead exemption. Central Life Assurance Society v. Gray (Tex. Civ. App.) 32 S.W.(2d) 259, 260 (writ refused); Texas Bank & Trust Co. v. Teich (Tex. Civ. App.) 287 S. W. 666; Hutchen-

rider v. Smith (Tex. Com. App.) 242 S. W. 204, 207, par. 2, and authorities there cited; American Nat. Bank v. Cruger, 31 Tex. Civ. App. 17, 71 S. W. 784, 789 (writ refused); Drought & Co. v. Stallworth, 45 Tex. Civ. App. 159, 100 S. W. 188, 189 (writ refused); Horton v. Gibson (Tex. Civ. App.) 274 S. W. 292, 294, par. 9; Farmer v. Hale, 14 Tex. Civ. App. 73, 37 S. W. 164 (writ refused).

■ There is no controversy in this case over the fact that the property involved was the permanent home of Miss Tolson. She had, at the time of the levy of the paving assessment, resided thereon continuously from her childhood and she continued to reside thereon until it was sold to satisfy a lien debt incurred for its enlargement and improvement. She was, at the time she received her sister, Mrs. Blake, into her home and assumed the burden of her support, the owner of said property and held a lucrative position as teacher in the public schools. Her widowed sister was advanced in years, homeless and penniless, and apparently without earning capacity. These uncontradicted circumstances were ample to support a finding that a moral obligation rested upon Miss Tolson to support and care for her said sister. Miss Tolson discharged that obligation from the time her sister came to her in 1919 until the latter's death twelve years later. Mrs. Blake during all that time needed something more than food, raiment, and shelter. She needed the loving care and companionship which Miss Tolson so freely gave her and which are ordinary incidents of the family relation. The testimony was, under the rules announced in the foregoing authorities, ample to support findings of fact from which the court might conclude that Miss Tolson and her sister, Mrs. Blake, constituted a family, of which the former was the legal head, and that the property in controversy was at the time of the levy of the paving assessment exempt from such levy on account of its homestead character. See in this connection, generally, Gallagher v. Keller, 87 Tex. 472, 474 (bottom page), 29 S. W. 647; Harkrider-Keith-Cooke Co. v. Smith (Tex. Civ. App.) 284 S. W. 612, 614, par. 6; Thornton v. Wear (Tex. Civ. App.) 202 S. W. 1038, 1039, par. 2; Schulz v. L. E. Whitham & Co., 119 Tex. 211, 216, 27 S.W.(2d) 1093; Youngblood v. Youngblood (Tex. Com. App.) 76 S.W.(2d) 759, 761, par. 2.

Appellant emphasizes the fact that the original deed of trust given by Miss Tolson to the mortgage company before the levy of the paving assessment contained a recital that said property was not her homestead. Estoppel was neither pleaded nor proved. The court, in Hutchenrider v. Smith, supra (242 S. W. 204, page 209, par. 4) held, in effect, that the actual occupancy and use of specific property by a family constituted effective notice of its homestead character.

Since the lien to secure the unpaid balance of the paving assessment asserted by appellant was invalid, the judgment of the trial court must be affirmed.