Albert J. DeLange, Robert P. Beman, Jr., and Emory T. Carl, all of Houston, for appellees.

## CONTINENTAL INV. CO. v. SCHMEICH et al.

### No. 11037.

Court of Civil Appeals of Texas. Galveston.

Nov. 7, 1940.

Rehearing Denied Nov. 27, 1940.

MONTEITH, Chief Justice.

This is an action originally brought by appellant, Continental Investment Company, against appellees. Henry Schmeich and wife, Lela Schmeich, for foreclosure of a paving lien on Lots Nos. 7 and 8, Block 44, Brunner Addition to the City of Houston.

By amended pleadings appellee Farm and Home Savings and Loan Association of Missouri was made party to the action. Appellant alleged that said appellee had allowed Henry Schmeich to remove certain improvements from the property in controversy and sought recovery therefor.

In a trial before the court, a personal judgment was rendered against Henry Schmeich and that appellant take nothing against Mrs. Lela Schmeich and Farm and Home Savings and Loan Association.

Findings of fact and conclusions of law were filed by the trial court. They were excepted to by appellant.

The court found that the property in controversy had been purchased by Henry Schmeich by deed dated May 24, 1929, from J. E. Winfred, who was found to be the common source of title; that a vendor's lien was reserved in said deed to secure a purchase-money note in the sum of $3,000 and that said note was further secured by a deed of trust of even date with said deed. He found that Henry Schmeich had lived on the property with his family from a date prior to January 1, 1930, until Octo-

ber, 1937; that the improvements on said property consisted of a frame building designed for use as a combination residence and retail store, and that Henry Schmeich had conducted a retail store thereon from prior to January 1, 1930, until 1932; that there were no improvements on one of the lots but that the said two lots adjoined each other and that both were used and occupied by Henry and Lela Schmeich as a business and residence homestead during and at all times material to the cause of action asserted by appellant. He found that neither Henry nor Lela Schmeich owned any interest in any real property other than the property in controversy during said period. He found that the note and deed of trust and vendor's lien securing it had passed by regular chain of conveyances, for a valuable consideration, into Farm and Home Savings and Loan Association; that by instrument dated June 20, 1929, Henry and Lela Schmeich executed a new note for $3,000, maturing in monthly installments, and a new deed of trust to secure Farm and Home Savings and Loan Association in its payment; and that later Henry and Lela Schmeich; being in default in the payment of said note, the trustee under said deed of trust sold the property in controversy and Farm and Home Savings and Loan Association became the purchaser and owner thereof at said sale and received due conveyance thereof.

The court found that by virtue of an ordinance of the City of Houston passed on or about October, 1930, there was attempted to be levied a paving assessment against the property in controversy in the sum of $623, and that an assignable paving certificate in that sum had been issued by the City of Houston to the National Paving Company; that all rights, title and interest arising by virtue of said certificate passed to Continental Investment Company, the legal and equitable holder of such certificate; that on December 12, 1930, Schmeich and wife made and delivered to National Paving Company a mechanic's lien contract for the purpose of additionally securing the indebtedness evidenced by said paving certificate, and that said mechanic's lien contract, together with all rights therein, also passed to Continental Investment Company.

The controlling question involved in this appeal is whether or not the property in controversy was the homestead of Henry Schmeich and wife, Lela Schmeich, at the time the attempted paving assessment was made.

Appellant assigns error in the finding by the trial court that both of the lots in controversy were used and occupied by Henry and Lela Schmeich as a business and residence homestead during and at all times material to the cause of action asserted by appellant. It further contends that, in no event, could a homestead have been established on the lot on which there were no improvements, for the alleged reason that there was no testimony in the record that Henry and Lela Schmeich had claimed or used the two lots in controversy as a business or residence homestead, and there was no testimony of any use by them of the lot on which there were no improvements as a homestead.

David John Schmeich, the son of Henry and Lela Schmeich, testified to the facts that the family lived on the property in controversy from January, 1930, until they moved away in 1937, and that during said period neither Henry nor Lela Schmeich owned any other home or property, and that his father ran a store on said property until 1931.

Henry and Lela Schmeich in their pleadings alleged that they had claimed the property in controversy as their homestead during the times material to appellant's cause of action, but neither of them testified in the trial court.

The trial court found as a fact that both of said lots were used and occupied by Henry and Lela Schmeich as a business and residence homestead during and at all times material to appellant's cause of action.

■ It is the settled law in this state that the question as to whether or not a tract of land or a piece of land adjoining a dwelling in which an estate of homestead has been acquired is a part of the homestead, is a question of fact. Arto v. Maydole, 54 Tex. 244.

■ In the case of L. E. Whitham & Co. v. Kemp et ux., Tex.Civ.App., 66 S.W.2d 462, 463, in a suit brought to foreclose a paving lien, appellees defended only upon the ground that the property in question was their homestead. On a trial before the court it was found that all of said property was appellees' homestead. Appellant was denied foreclosure, but was given judgment for its debt from which judgment the paving company appealed. The court in its

opinion says: "The single issue here presented is whether lot 14 and the adjoining one-half of lot 15, in block 14 of Frary addition to San Angelo, was a part of the homestead of appellees on July 7, 1931, the date upon which appellant's lien, if any it had, attached. This question was a fact issue. Jones v. First National Bank (Tex. Com.App.) 259 S.W. 157; Schultz v. Schultz (Tex.Civ.App.) 45 S.W.(2d) 312; 22 Tex.Jur. 108, 111. The court having found the issue against appellant, we must view the evidence in the most favorable light in support of that finding."

The foregoing authority and the cases cited therein are, we think, conclusive of both questions raised by appellant.

The above rule is recognized in the cases of Dillard v. Duke et vir., Tex.Civ.App., 107 S.W. 2d 414; Weiser v. Travis Cotton Seed Products Co., Tex.Civ.App., 63 S.W. 2d 246; Alamo Lumber Co. et al. v. Walker et ux., Tex.Civ.App., 103 S.W.2d 792.

In the case of Bell et al. v. Crabb et al., Tex.Com.App., 244 S.W. 371, 372, defendants defended in a suit for specific performance of a contract to convey property on the ground that it was their homestead. Both testified that the property was their homestead at all times relevant to the suit, but further testified that they had moved away from the property in controversy in that case and were living in a different city. The court held that there was no testimony tending to show that the removal by defendant and his family to the new residence and their continued occupancy thereof as a home was other than permanent in character. The court in its opinion said: "Under the evidence quoted, it follows as a matter of law that when defendants purchased the Ranger property and moved there with his family that property became the homestead of the family, and the property in suit lost its homestead character."

In the case of Bayless v. Guthrie et al., Tex.Com.App., 235 S.W. 843, suit was brought to foreclose a mortgage on property claimed to be a homestead. The mortgagors had disclaimed any homestead interest therein, and designated another lot in another part of the city as their homestead. The court held that the property on which they were living constituted their homestead under the facts, and that the declaration and designation of other property did not change its character. It indicated that the true test of the homestead character of property is the use actually being made thereof, and that where property is actually used and occupied for homestead purposes the declarations or intentions of the head of the family cannot effect an abandonment of the homestead nor in any way change its character.

Under the above authorities, the court having found, on what we deem to be sufficient evidence, that the two lots in controversy were used and occupied by Henry and Lela Schmeich as a homestead at all times material to appellant's cause of action, appellant's contentions must be overruled.

██ Further, it is the settled law in this state that a vendor's lien on homestead property is superior to a subsequent mechanic's lien for paving, whether this lien for paving be asserted by reason of voluntary contract or by reason of assessment made by the city's authority. Continental Inv. Co. v. Bodenheimer, Tex.Civ.App., 102 S.W.2d 304; Texas Bitulithic Co. v. Moore et al., Tex.Civ.App., 102 S.W.2d 439; Texas Bitulithic Co. et al. v. Warwick et al., Tex.Com.App., 293 S.W. 160; State Trust Company v. Morrison, Tex. Com.App., 282 S.W. 214.

██ The record shows that the property in controversy was acquired by Henry Schmeich by deed dated May 24, 1929, in which a vendor's lien was reserved to secure the payment of a note for the sum of $3,000 which was additionally secured by a deed of trust lien and that subsequently the trustee in said deed of trust sold the property in controversy to Farm and Home Savings and Loan Association.

Appellant claims under a paving certificate dated February 18, 1931, pursuant to an ordinance of the City of Houston of even date therewith. Assessment was levied by virtue of proceedings under a contract between the City of Houston and the National Paving Company, dated October 9, 1930. Appellant also claimed under a contract lien· with Henry and Lela Schmeich, dated December 30, 1930.

It follows that since the vendor's lien of Farm and Home Savings and Loan Association is superior to the paving lien asserted by appellant, the foreclosure of the deed of trust lien held by Farm and Home Savings and Loan Association to secure the vendor's lien indebtedness cut

off any equity that appellant may ever have had in the property in controversy, and Farm and Home Savings and Loan Association acquired the title thereto free of any claim by appellant.

For the above reasons, the judgment of the trial court will be in all things affirmed.

Affirmed.