

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 20, 1950

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1135

Re: Eligibility of a house or
house trailer located on
leased land for residence
homestead tax exemption.

Dear Mr. Calvert:

Your request states that a recent audit of the 1950 Tax Roll from Victoria County reflects that the tax assessor-collector of that county has in a number of instances allowed the taxpayer to claim a homestead exemption on a house located on leased land. In other instances the exemption was allowed on house trailers located on leased land. Based on these facts you have requested our opinion on the following questions:

1. Does the homestead exemption with reference to taxation (Article VIII, Section 1-a, Constitution of Texas; Article 7048a, Section 2, Vernon's Civil Statutes) extend to a dwelling located on leased land and occupied by the family as a home?

2. Is a house trailer of such a nature and subject to such use as to acquire the status of a dwelling and come within the homestead exemption?

Section 51 of Article XVI of the Texas Constitution sets out the constitutional requirements of a homestead as follows:

"The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town or village, shall consist of lot, or lots, not to exceed in value five thousand dollars, at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purposes of a

home, or as a place to exercise the calling or
business of the head of a family; provided also,
that any temporary renting of the homestead
shall not change the character of the same, when
no other homestead has been acquired."

Article 3833, Vernon's Civil Statutes, repeats these same provisions in defining the term "homestead."

It is well settled that the homestead exemption does not rest upon ownership in fee of the land upon which the structure is situated. Wheatley v. Griffin, 60 Tex. 209 (1883); Cullers v. James, 66 Tex. 494, 1 S.W. 314 (1886); First National Bank v. Dismukes, 241 S.W. 199 (Tex. Civ. App. 1922). Any possessory interest in land less than the fee simple title is sufficient to entitle a claimant to the benefits of the provisions of the homestead law and "it follows logically that the homestead right and privilege attaches to a tenement or building, coupled with the required occupancy, erected upon leased or rented premises." First National Bank v. Dismukes, supra. Further, a possessory interest, even though only permissive, is sufficient to support the claim of homestead exemption where it is peaceably held and occupied as a home by the family. Birdwell v. Burleson, 72 S.W. 446 (Tex. Civ. App. 1902, error ref.).

Nor would it appear that the lease on a particular lot or tract of land would have to be of long time duration. As said in First National Bank v. Dismukes, supra, "where a head of a family is in the exclusive possession, as here, of a lot . . . occupied by him as a . . . homestead, it does not concern the judgment creditor whether such claimant possesses a lease for a long term of years or of less duration."

You are therefore advised in answer to your first question that the homestead exemption with reference to taxation (Article VIII, Section 1-a, Constitution of Texas, and Article 7048a, V.C.S.) does apply to a dwelling located on leased land and occupied by a family under such conditions as to make it a homestead.

Your second question cannot be answered categorically. The question of whether a particular dwelling is entitled to exemption from taxation as the homestead of the owner occupying the same as such is one of fact requiring independent determination in each instance. Arto v. Maydole, 54 Tex. 244 (1881); Cooper Co. v. Werner, 111 S.W.2d 823 (Tex. Civ. App. 1937). Likewise, whether the homestead character has become fixed as to

specific property is a fact question. Alamo Lumber Co. v. Walker, 103 S.W.2d 792 (Tex. Civ. App. 1937).

In common acceptance the term "homestead" means the residence of the family, the place where the home is. 40 C.J.S. 430, Homesteads, Sec. 1. "A homestead necessarily includes the idea of a house for a residence, or mansion house. The dwelling may be a splendid mansion, a cabin, or tent." Garret v. Getzendaner, 115 Okla. 12, 242 Pac. 525 (1925).

Coming now to a determination of whether a house trailer may meet the requirements necessary to make it a homestead, we find only two Texas cases which have passed on the question. In the first case, Clark v. Vitz, 190 S.W.2d 736 (Tex. Civ. App. 1945, error ref.), the exemption was allowed, but the facts clearly established that the house trailer had in effect been made a part of the claimant's home and was used by the family as a part of the home. In the second case, Gann v. Montgomery, 210 S.W.2d 255 (Tex. Civ. App. 1948, error ref. n.r.e.), the court refused the homestead exemption, saying:

"Assuming for the purpose of argument that appellant did have such possessory interest in the land upon which the trailer was parked as would support the homestead claim, we must decide whether the trailer was such type of structure as to come within the rule which regards the house as part of the land, within the contemplation of the constitutional provision.

" . . .

"It is settled that the exemption may be claimed in a house owned by the claimant, though the land belong to another. Where the ownership of a house is in one person, and the ownership of the land is in another, the house may properly be referred to for some purposes as a chattel, and in such a case it might properly be said that the homestead exemption can attach to a chattel. But it does not follow that the exemption can attach to any kind of chattel, merely because the chattel rests on a tract of land by permission of the owner of the land. . . .

" . . . To hold that the homestead exemption applies to the trailer in the case before us would be to

hold, as a practical matter, that it applies to al-
most every trailer which is occupied by the owners,
if they constitute a family which does not own another
home. It is not unreasonable to assume that they are
usually parked, when they are not traveling along the
highways, on some plot of ground with the permission
of the owner of the ground. It might be consistent with
the policy of our homestead laws to enact another law
exempting automobile trailers which are occupied as
homes, but . . . there are no exemptions except those
provided by law, and the courts cannot protect that
which is not a homestead."

Thus it is to be observed that the question of home-
stead status with respect to house trailers must be determined
from all the facts and circumstances in each individual case.
It may or may not acquire a homestead status, depending upon
the particular facts and circumstances. In our opinion the courts
of Texas would find a house trailer to be a homestead if located
on land owned by or in which the claimant held a possessory in-
terest, and was so used in connection with the land and occupied
by a family in such a manner as to give it the factual character-
istics of a home. On the other hand, were the trailer not so
used, as in the Gann case, it would not be held to be a homestead.

## SUMMARY

The exemption from taxation as a homestead
(Article VIII, Section 1-a, Constitution of Texas, and
Article 7084a, V.C.S.) extends to a dwelling located
on leased land and occupied by the family as a home.
First National Bank v. Dismukes, 241 S.W. 199 (Tex.
Civ. App. 1922). A house trailer may become exempt
as a homestead, depending upon the facts and circum-
stances in each individual case. Clark v. Vitz, 190
S.W.2d 736 (Tex. Civ. App. 1945, error ref.); Gann

v. Montgomery, 210 S.W.2d 255 (Tex. Civ. App. 1948, error ref. n.r.e.).

Very truly yours,

PRICE DANIEL
Attorney General

APPROVED:

By *Charles D. Mathews*
Charles D. Mathews
First Assistant

W. V. Geppert
Taxation Division

Everett Hutchinson
Executive Assistant

Price Daniel
Attorney General

CDM:b