H. KOHNSTAMM & CO. OF TEXAS
v. BURLESON.

No. 4760.

Court of Civil Appeals of Texas.
El Paso.

Nov. 22, 1950.

320

Adrain A. Spears, Walter P. Brenan, both of San Antonio, for appellant.

Arnold & Cozby, San Antonio, for appellee.

PRICE, Chief Justice.

This is an appeal by H. Kohnstamm & Company, a corporation, hereinafter called defendant, from a judgment of the District Court of Bexar County, 57th Judicial District, in favor of E. M. Burleson, hereinafter called plaintiff. The trial was before the court without a jury. Findings of Fact and Conclusions of Law were not demanded and none were filed.

Plaintiff sought to prevent by injunction the levying of an execution upon and sale thereunder by virtue of a money judgment in favor of defendant against plaintiff, of a plot of ground described as follows: "East 10 feet of lot 22, all of lot 23 and the west 40 feet of lot 24 in block 1, Country Club Heights, in Bexar County, Texas."

Likewise it was sought to clear the property of the apparent lien created by the abstract of judgment aforesaid.

The court found in the judgment as follows:

"It is ordered, adjudged, declared and decreed by the court that the urban homestead of the plaintiff E. M. Burleson now consists of the following property and has consisted of said property ever since the month of February 1945."

Then follows a description of the plot of land hereinbefore described and another plot of land lying immediately east thereof. On the basis of such finding and declaration the injunction sought was granted and the property cleared of the apparent lien of defendant's judgment.

It appears from the evidence without dispute that plaintiff contracted to buy the land in dispute on February 12, 1945, and same was deeded to him by the owner, Mrs. Nellie Simon, February 21, 1945. On February 15, 1945, Leslie Rothman individually and as Independent Executor deeded to plaintiff a plot of ground lying immediately east of the plot of land in question. These two plots of land are referred to in the briefs respectively as the Simon property and the Rothman property, and we shall adopt these designations.

At the time of the purchase of the Rothman property there was a residence there-

on wherein plaintiff with his family and with other constituents thereof have continuously resided since about April, 1945. It is not contended that the Rothman property is not exempt as homestead property and same is not involved in this action. Each piece of property fronts on Harrigan Court in Alamo Heights, the Simon property adjoining and immediately west of the Rothman property. The purchase price of the Simon property was from the proceeds of a sale of the homestead of plaintiff and the cash payment on the Rothman property was made from the same source.

A short time after plaintiff acquired title to the respective plots of ground and after he had moved into and was occupying the house on the Rothman property he built a stone retaining wall along the east and westerly boundary of the two tracts. The wall extends about 150 feet and is very substantial. The base thereof is four feet wide and the wall is about one foot thick, a part thereof being 10 feet high, the remainder five feet in height. There is a fence of some character intended to mark the westerly boundary of the Simon tract, this being the tract in controversy, otherwise the two plots of ground are not enclosed.

It is undisputed, or in any event the evidence amply justifies the assumption, that this retaining wall was built to prevent erosion from each plot of ground. At the time of the building of the wall a considerable portion of the surface of the Rothman property had washed away and the water pouring over the Rothman property had washed gullies and furrows on the Simon property.

Defendant abstracted his judgment against plaintiff on May 20, 1949.

After the erection of the retaining wall aforesaid plaintiff spent about $120 leveling the Simon property and something like the same amount in having dirt hauled thereon to fill same up.

It is not undisputed but there is evidence which would justify the finding that before May 20, 1949, plaintiff seeded the Simon lot with carpet grass and planted some fruit and ornamental trees. In regard to just when the trees were planted the evi-

dence is not very clear. It is thought, however, it is sufficient to justify a finding that same were planted before May 20, 1949. The testimony as to the carpet grass is that it was planted a considerable time before the recording of the judgment.

The testimony is that prior to the building of the retaining wall in question plaintiff occupied with his family the house on the Rothman property. During this time there was no artificial separation of the properties. There was a unity of title and possession of the tract of land composed of the Rothman and Simon property.

There was introduced in evidence the separate renditions of the Simon and Rothman tracts by the plaintiff after he had acquired title thereto. Plaintiff claimed as exempt from State taxation under the Constitution $3,000 for the value of the Rothman tract.

If the property in question claimed as part of plaintiff's homestead is a homestead, there is no question but that it was an urban residence homestead. Section 51, Article 16 of the Constitution, Vernon's Ann. St., provides: "the homestead in a city, town or village, shall consist of lot, or lots, not to exceed in value five thousand dollars, at the time of their designation as a homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purposes of a home, or as the place to exercise the calling or business of the head of a family."

Defendant assails the ruling of the trial court in that it was error to hold that the property involved is now and has been since February 1945 the urban homestead of plaintiff, and that it was error to clear the title of the lien purported to have arisen from the abstracting of the judgment and erred in granting plaintiff an injunction. Point 5 is that the trial court erred in refusing to permit appellant to levy execution upon the excess value of the two pieces of property involved over and above the total homestead exemption of $5,000, as of July, 1949, in order to satisfy his judgment. Defendants' points of error are not very clear. We shall construe them to mean in substance that the evidence was insufficient as a matter of law

to raise the issue that the Simon property was ever a part of plaintiff's homestead prior to July 1949; his final point that if the Simon property was ever dedicated as part of plaintiff's homestead it was subsequent to the date of the abstracting of defendant's judgment, and at that time without improvements the Rothman tract and Simon tract combined were worth over $5,000.

■ Section 51 of Article 16 of the Constitution defining an urban homestead does not limit the area thereof. In this case there is no evidence as to a business homestead; the sole question presented is as to whether or not the issue is raised that the Simon property was part of the residence homestead. There is substantial evidence in the record that plaintiff acquired the Simon property with the intention that same be part of his homestead. He so testified. The tract in question and the Rothman tract on which there was a house were acquired practically simultaneously. Used in the acquisition of each tract was part of the sale price of a former homestead on Cincinnati Street. There is substantial evidence that the purpose of the retaining wall was not to separate and segregate the Simon tract from the Rothman tract. The evidence justifies a finding that its purpose was to prevent damage through surface drainage to each tract.

■ From the date of its purchase plaintiff made no use of the Simon tract inconsistent with its use as a part of his home. It is true the Simon property was not necessary to the enjoyment of his residence on the Rothman tract; if used for any purpose such as ornamentation or pleasure this would constitute dedication as a homestead. Arto v. Maydole, 54 Tex. 244. Whether a tract of land adjoining a dedicated homestead is a part thereof is ordinarily a question of fact. Andrews v. Hagadon, 54 Tex. 571; Continental Inv. Co. v. Schmeich, Tex.Civ.App., 145 S.W. 2d 219, Wr.Den. and cases there cited.

■ If the Rothman lot had included the Simon tract, under the evidence there could be no question but the plat we call the Simon tract would be part of the residence homestead. The title to the Simon tract was acquired simultaneously with the acquisition of title to the Rothman tract. There was unity of title and possession of the Simon and Rothman tracts. In our opinion when plaintiff with his family moved into the residence there was a dedication of the united tracts as an urban homestead. It is not important that the Simon tract and Rothman tract are separately described. For homestead purposes they constitute the same tract. There is no such separation as would compel a finding as a matter of law that the Simon tract is not a part of the homestead. There is in the record no evidence that the Simon tract has been put to any other use than as a homestead.

■ In our opinion the evidence amply justifies the finding of the trial court in the judgment that the property in question is and has been since February 1945 the homestead of the plaintiff.

■ In regard to the assignment that the court erred in not permitting execution to issue to subject the value of the lots without improvement in excess of $5,000, assuming that we are correct as to the dedication of the homestead there is no merit in this assignment and same is overruled. The evidence is ample to sustain a finding that the homestead tract composed of the Rothman and Simon tract was not worth in excess of $5,000 without improvement at the time of the dedication.

We find no reversible error in this case and same is in all things affirmed.

McGILL, J., not participating.