Rock Island Plow Company v. G. P. Alten et al.

No. 1931.  Decided March 17, 1909.

**Business Homestead—Detached Lots.**

The store and warehouse of the head of a family conducting the business of a merchant stood upon town lots 1 and 2; he also owned lots 4 and 5, separated from the others by lot 3, and uninclosed; lots 4 and 5 were used, in connection with his business, for storing and exposing for sale second hand implements and vehicles, and for setting up new ones before placing them in his warehouse, and he also used a water closet situated thereon.  Held that lots 1 and 2 constituted his business homestead and that it did not embrace nor protect from forced sale lots 4 and 5.  (Pp. 366–369.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Williamson County.

Alten and wife sued the Plow Company and obtained judgment. Defendant appealed, and on affirmance obtained writ of error.

*J. V. Morris* and *E. A. Strickland,* for plaintiff in error.—The use to which lots 4 and 5 were put was merely incidental to the business carried on in the houses situated on lots 1 and 2, and the former were in no sense the place of business.  Constitution, art. 16, sec. 1; McDonald v. Campbell, 57 Texas, 614; Duncan v. Alexander, 83 Texas, 441; Hinzie v. Moody & Co., 1 Texas Civ. App., 26.

*Stanton & Allen* and *D. W. Wilcox,* for appellees.—A lot actually used for carrying on the business of the head of the family is a part of the business homestead even though disconnected from the other part of the business homestead.  Anderson v. Sessions, 93 Texas, 287, and cases cited; Pryor v. Stone, 19 Texas, 371; Schneider v. Campbell, 1 Texas Civ. App., 314; Axer v. Bassett, 63 Texas, 545; Hancock v. Morgan, 17 Texas, 586; Lacour v. Levy, 108 S. W., 190.

Mr. Justice Brown delivered the opinion of the court.

Alten and wife sued the Rock Island Plow Company to cancel a sheriff's sale and deed to two lots in the town ·of Bartlett which the plaintiffs claimed were exempt, as their business homestead, from an execution which had issued upon a judgment in favor of the Plow Company against Alten and under which the said lots had been sold by the ·sheriff of that county and purchased by the Plow Company. It is alleged that plaintiffs were husband and wife; that they owned a homestead in the town of Bartlett in Williamson County upon which they resided; that Alten was a hardware and implement ·merchant engaged in the transaction of his business in the said town, and that the lots sued for constituted his place of business.

The Plow Company pleaded a general denial and specially that the business house of Alten was situated upon lots 1 and 2 in block 15 in the said town, and that lot 3 lay between lots 1 and 2 and 4 and 5.  The Plow Company claimed that the lots sued for were not a part of the business homestead and therefore were liable to the execution.  We adopt the statement of facts made by the Court of Civil Appeals as follows:

"That at the time of the purchase of the lots in question, and from that date continuously up to the time of trial, G. P. Alten was the head of a family, consisting of himself, his wife and children; that the town of Bartlett was duly incorporated and divided into blocks and lots, and a plat thereof duly recorded in the county clerk's office; that on the 8th of September, 1904, and for more than ten years prior thereto the plaintiff was the owner and in possession of lots 1, 2, 4 and 5, in block No. 15, in said town of Bartlett; that on September 8, 1904, and for ten years prior thereto, plaintiff was engaged in business as a commission dealer in stoves, wagons, vehicles, farm implements and hardware, *and such was his only business;* that in 1893, plaintiffs designated said lots as their business homestead; that the same were each 25 feet fronting on West Front Street, running back 130 feet to an alley; that lots 1 and 2 were covered by business houses and a warehouse with the exception of a space 24 by 30 feet; that lot No. 3 in block 15 lies between lots Nos. 2 and 4 in said block, and was the property of W. J. Cagle; that there was a water-closet situated on the back of lot 5, and the same were not enclosed; that at the time plaintiffs purchased said lots and began to use them as a place of business they, together with another lot upon which was located plaintiffs' residence homestead, were of less value than $5000; that on the 8th of October, 1895, appellant recovered a judgment against G. P. Alten, and thereafter on the 8th of September, 1904, caused an execution to be levied upon said lots 4 and 5, and the same were by virtue thereof duly sold on the 4th day of October, 1904, at sheriff's sale and bid in by appellant for the sum of $50, which was credited upon said execution, and in pursuance thereof said sheriff made a deed thereto to appellant, which was duly recorded in the deed records of Williamson County; that appellant had notice at the time of the purchase of said lots under execution sale that plaintiffs were claiming the same as a part of their business homestead; that said judgment was not secured by any lien upon said lots, nor was it for any debt that would authorize the sale thereof; that said lots 1 and 2 were separated from 4 and 5 by lot No. 3 which intervened, as appears from the following plat:

"It was shown that at the time of the levy of said execution upon said lots 4 and 5, and for ten years prior thereto, the said G. P. Alten had been conducting said business in said premises, and that lots 4 and 5 had been continuously, during the period he was in business, used by him for storing and exposing for sale second-hand vehicles and implements which were taken by him in exchange for goods sold.  It was likewise shown that said lots were also sometimes used during said time for the purpose of setting up vehicles and implements before placing same in his warehouse, and that he had a watercloset on lot 5, which was used by himself and customers."

"The homestead in a city, town or village, shall consist of lot or lots, not to exceed in value $5,000 at the time of their designation as the homestead, without reference to the value of any improvements thereon; provided, that the same shall be used for the purposes of a home or a place to exercise the calling or business of the head of a family."  (Art. 16, sec. 51, State Constitution.)  The homestead here defined embraces the family residence or home as well as a place of business of the head of the family.  There are not two homesteads, but one homestead, a part of which may be used for the business of the head of the family.  Of the lots constituting the homestead there may be one or more subject only to the limitation of the value of $5,000; they may be connected or disconnected from each other; provided, they be used for the purposes of a home; that is, for such uses as contribute to the enjoyment of the home.  One or more of these lots may be devoted to the business of the head of the family, but it must constitute "a place to exercise the calling or business of the head of the family."  Under this definition of the homestead, that portion which is devoted to the business must constitute a place; that is, one place at which the business is transacted.  It may consist of more than one lot if so used as to make them a place for transacting that business.

Lots 1 and 2, as shown by the facts in this case, were used as a place of business by Alten, his business house rested upon both lots, therefore they were exempt by the Constitution.  McDonald v. Campbell, 57 Texas, 614; Hinzie v. Moody & Co., 1 Texas Civ. App., 26; Evans & Co. v. Pace, 21 Texas Civ. App., 368; Henry v. Corpus Christi Nat'l Bank, 44 S. W., 568.

The language applied to the lots to be used for the purposes of a home and the lots dedicated to the transaction of the business of the head of the family presents a sharp contrast in the character of the two exemptions.  For the residence, or family homestead, it is not required that all of the lots should be used as "the domestic or hearthstone home," only that they be used "for the purposes of the home."  For example, the residence of the family might be upon one lot, the garden upon another disconnected from the first, and the third disconnected from both the others, might be used for the purpose of a horse or cow lot, or other purposes of the home.  In contrast to that language it is provided that for the business exemption the lots must constitute a place to exercise the calling or business of the head of a family, which forbids the construction that

such lots might be used "for the purposes" or in aid of the business of the head of the family.

We are of opinion that the District Court erred by entering judgment in favor of the defendants in error and the Court of Civil Appeals erred in affirming that judgment; it is therefore ordered that the judgment of the District Court and that of the Court of Civil Appeals be reversed, and, the facts being undisputed, judgment is here entered in favor of the plaintiff in error; that the defendants in error take nothing by their action, and that the plaintiff in error recover all costs.

*Reversed and rendered.*