### ROBINSON v. EIKEL.

#### In re EIKEL.

(Circuit Court of Appeals, Fifth Circuit. December 19, 1922. Rehearing denied January 13, 1923.)

#### No. 3921.

Bankruptcy ⊚⟾396(5)—Residence and business property in separated towns cannot be exempted as homestead.

Under Const. Tex. 1876, art. 16, § 51, exempting a homestead in a city, town, or village "provided the same shall be used for the purposes of a home or as a place to exercise the business or calling of the head of the family," a bankrupt cannot hold as exempt the property used as his home and also the property in which he conducts his business in a distant town.

Petition to Superintend and Revise from the District Court of the United States for the Austin Division of the Western District of Texas; Duval West, Judge.

In the matter of Albert Eikel, bankrupt. On petition of A. Robinson, trustee, to revise an order of the District Court setting apart property as bankrupt's homestead. Reversed.

For opinion below, see 283 Fed. 285.

Geo. E. Shelley, of Austin, Tex. (Alex. W. Spence, of Dallas, Tex., on the brief), for petitioner.

J. H. Hart, of Austin, Tex. (O. W. Sandstrom and V. L. Brooks, both of Austin, Tex., on the brief), for respondent.

Before WALKER, BRYAN, and KING, Circuit Judges.

⊚⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

KING, Circuit Judge. The bankrupt, Albert Eikel, in January, 1922, filed his petition to be adjudged a bankrupt. In that petition he claimed as his homestead the lot located in New Braunfels, Comal county, Tex., on which he resided, and also a lot located in the town of Taylor, Williamson county, Tex., where he claimed to have been conducting his business since 1888.

· The property in New Braunfels was purchased in 1884, and then first occupied as a residence by the bankrupt and his family, consisting of wife and children. In 1886, said bankrupt began a hardware business in Taylor and moved his family to that place, where they resided until 1908, when they returned to New Braunfels and have continuously resided there since. In 1912 he erected the present house on his residence lot in New Braunfels, purchased in 1884; the old house having become dilapidated.

The referee found as facts that when the bankrupt returned to New Braunfels in 1908 he left his two sons, employed by him, in charge of the business. At first, he spent about one-half of his time in Taylor. Since 1919 he has spent three or four days there every two or three weeks, investigating the condition of the business and giving directions as to its conduct. Taylor is 88 miles from New Braunfels, and two counties lie between the counties in which said towns are situated. The value of the lots on which the residence and business house were located, regardless· of the improvements, did not exceed $5,000. The residence lot, with its improvements, was valued at $10,000; the business lot and store were valued at $35,000.

The trustee in bankruptcy set apart the·residence in New Braunfels, and the personalty scheduled, as exempt, but refused to set apart the business property, located in Taylor. On exceptions, the referee ordered the business property also to be set apart. This action of the referee was affirmed by the District Judge, and his order so doing is the subject of a petition to superintend and revise filed in this court.

The idea of a homestead carries with it a place of residence. In the case of a rural homestead, if the claimant or his family had never resided on the property embraced in the claim of homestead, it would not be exempt. Woodward v. Sanger Bros., 246 Fed. 777, 780, 159 C. C. A. 79, 82.

"The homestead in a city, town or village shall consist of a lot or lots, not to exceed in value five thousand dollars at the time of their designation as a homestead, without reference to the value of any improvements thereon: Provided, that the same shall be used for the purposes of a home, or as a place to exercise the calling or business of the head of the family," etc. Const. of Texas 1876, art. XVI, § 51.

As is said by the Supreme Court of Texas in Rock Island Plow Co. v. Alten et ux., 102 Tex. 366, 116 S. W. 1144:

"The homestead here defined embraces the family residence or home as well as a place of business of the head of the family. There are not two homesteads, but one homestead, a part of which may be used for the business of the head of the family."

While it is possible that a lot used by the head of a family for conducting his calling or business might alone be set apart as a homestead,

yet where the head of the family owns a house and lot, permanently occupied by him and his family as a home and claimed as a homestead, this would give location to his homestead. If other lots were added to this, to make up the value of $5,000 exclusive of the value of improvements, they must be in the city, town, or village of the homestead. If the head of a family might have a residence homestead in one town and a business homestead in another widely separated town, in no manner forming one connected urban community, he would have, not one, but two, homesteads. It is evident that, just as the other lots not used for the business of the head of the family must be used for the purposes of the residence, such as for garden, stabling, or like connected uses, there is contemplated some connection in locality of the business place wherein the calling or business of the head of the family is exercised.

It would hardly be insisted that a lot in Taylor, upon which a garden was conducted, could be exempted as a part of the homestead, where the head of the family had his residence in New Braunfels, 88 miles distant, as being a lot which was a part of that homestead. If, in addition to this business house, the bankrupt had a lot in Taylor, used wholly as a garage for the automobile in which he motored from New Braunfels, he having no other automobile and storing it while in New Braunfels in a public garage, it could not be claimed that the lot in Taylor so occupied would be a part of the homestead. Yet these consequences would seem to follow, if it be permissible to constitute one homestead out of lots in widely separated towns.

No case is cited where such a result has been permitted, and it is concluded that the urban homestead provided by the Constitution of Texas contemplates a lot or lots used for the purposes specified in such Constitution located in one urban community, whether governed by one or more municipal bodies, and not a lot or lots situated in widely separated urban communities.

We therefore conclude that the order, directing that the lot used as a place of business in Taylor, in Williamson county, should be included in the homestead with the lot used as a place of residence in New Braunfels, Comal county, should be set aside, and we direct that the homestead be set apart in conformity to this opinion.