The judgment is reversed, and bail allowed in the sum of $10,000.

---

## TAYLOR v. FIRST NAT. BANK OF GILMER.
### (No. 3278.)

(Court of Civil Appeals of Texas. Texarkana. Nov. 1, 1926. Rehearing Denied Nov. 11, 1926.)

1. **Homestead** ⬅➡57(1)—**Burden was on defendant to prove that property incumbered was his homestead when mortgage was executed.**

   In suit to foreclose deed of trust, burden was on defendant to prove that property incumbered was his homestead when mortgage was executed.

2. **Homestead** ⬅➡57(3)—**Evidence held not to sustain defense that property incumbered· was defendant's homestead when mortgage was executed.**

   In suit to foreclose deed of trust, evidence held not to sustain defendant's defense that property incumbered was his homestead when mortgage was executed.

3. **Bankruptcy** ⬅➡433(5)—**Discharge in bankruptcy held not to relieve land of lien of deed of trust, where it was no part of assets administered.**

   Defendant's discharge in bankruptcy held not to relieve land from lien of deed of trust, where land was no part of assets administered by court of bankruptcy.

Appeal from District Court, Upshur County; J. R. Warren, Judge.

Action by the First National Bank of Gilmer against Durand A. Taylor. Judgment for plaintiff, and defendant appeals. Affirmed.

Elgin H. Blalock, of Port Arthur, for appellant.

W. R. Stephens and C. E. Florence, both of Gilmer, for appellee.'

HODGES, J. This appeal is from a judgment rendered against the appellant foreclosing a deed of trust on a tract of land situated in Upshur county near the town of Bettie. On August 17, 1923, the appellant executed and delivered to the appellee bank his note for $1,721.21, due in December following. At ˙the same time he executed a deed of trust on the land in controversy to secure the payment of that note. Some time after default this suit was filed, seeking· a judgment for the debt and the foreclosure of the lien. As a defense, appellant pleaded that the land was his homestead when mortgaged, and that the deed of trust given was executed under duress. He later pleaded a discharge in bankruptcy. In a trial before the court, a·personal judgment was denied, but a decree foreclosing the lien was rendered.

[1, 2] In this appeal it is insisted that the evidence conclusively showed that the property incumbered was appellant's homestead when the mortgage was executed. The record does not support that contention. The burden of proving that defense rested upon the appellant. There is no evidence to show that the appellant had ever resided upon or used the land as a homestead. At the time he executed the trust deed, he was residing with his family in Louisiana, and was engaged in business at the place of his residence. The instrument itself contained a recital that the property was no part of his homestead, and a witness for the appellee testified that, at the time ·he executed the deed of trust, appellant stated that the land was not his homestead. In addition to this, there was other testimony properly admitted, tending to show that he claimed other land as his homestead. In that state of the evidence the court was justified in holding that the homestead claim had not been established.

Upon the issue of duress, the appellant relied mainly upon his own testimony as to threats made by the agents of the bank at the time he executed the original deed of trust, of which the one in evidence was a renewal. It is doubtful if his own testimony was sufficient to support a finding in his favor upon that issue; but, even if it were sufficient, he was contradicted by other wit-

---

⬅➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

nesses whose testimony the court had a right to accept as more credible. ,

[3] It is conceded that the property involved in this suit was no part of the assets being administered in the court of bankruptcy.

The judgment will be affirmed.