**BAXTER et al. v. CROW et al.**

No. 10431.

Court of Civil Appeals of Texas.
San Antonio.

May 24, 1939.

On Rehearing Aug. 9, 1939.

Rehearing Denied Nov. 22, 1939.

E. B. Ward, of Corpus Christi, for appellants.

Seale & Wood, of Corpus Christi, for appellees.

SMITH, Chief Justice.

This action was brought in the District Court by Lula G. Crow and her six adult sons to set aside the sale and conveyance of certain real properties situated in San Patricio County, alleged to belong to them. The suit was brought by the Crows as sole heirs of G. D. Crow, who died intestate shortly prior to the institution of the suit. They alleged in their petition that there existed various and sundry debts against the estate of the intestate, and an urgent necessity for administration upon the estate, although, it was further alleged in the petition, no administration had yet been begun. Subsequently, the Crows, as plaintiffs, filed a supplemental petition, in which they reiterated the allegations of a necessity for administration upon said estate, and then proceeded to allege, further, that since the filing of their petition one of their number, E. F. Crow, had in fact been duly and regularly appointed, and had properly qualified, as administrator of said estate, and was now acting as such under the orders of the probate court of the county. Said administrator filed and presented his motion for leave to intervene in the suit, but such leave was denied. The result was, and is, that this suit, to recover property alleged to belong to the estate, was instituted and prosecuted to judgment below solely by the heirs at law of the intestate, in the face of their own allegations not only of necessity for administration, but of existing active administration, upon the estate.

The rule is now well established in this State that heirs cannot, within the administration period, institute and maintain a suit to recover property belonging to an estate and descending to them, without alleging and proving that there is no administration upon the estate, and no necessity therefor. A petition in such case is subject to general demurrer if it does not contain such allegations; and, especially is it subject to such demurrer where it affirmatively shows a pending administration upon necessity, as in this case. O'Neil v. Norton, Tex.Com.App., 29 S.W.2d 1060; Richardson v. Vaughn, 86 Tex. 93, 23 S.W. 640; Northcraft v. Oliver, 74 Tex. 162, 11 S.W. 1121; Youngs v. Youngs, Tex.Civ.App., 16 S.W.2d 426; Id., Tex. Com.App., 26 S.W.2d 191; Bluitt v. Pearson, 117 Tex. 467, 7 S.W.2d 524; Maxwell's Heirs v. Bolding, Tex.Civ.App., 11 S.W.2d 814. There are certain exceptions which serve to take cases from under the rule, but no such exceptions are present in this case.

The error is fundamental. The judgment is reversed and the cause dismissed from this Court and the court below.

On Motion for Rehearing.

 This action was brought by Lula G. Crow, surviving widow of G. D. Crow, deceased, and her children, to set aside a sale made by a trustee under power of deed of trust, of a parcel of approximately 2½

188

acres of land situated at the edge of the town of Taft, in San Patricio County, and Lot 12, Block 16, and Lots 4 and 5, Block 21, situated in the business section of said town. The sale was made in foreclosure of a deed of trust lien to secure payment of a note given by the decedent, G. D. Crow, to secure the payment of the purchase price of said 2½-acre tract. It is conceded, in effect, in the absence of efficient attack thereon, that that tract constituted the family homestead of the Crows, and it is claimed by the Crows, but denied by appellants, that the three lots constituted the business homestead of the decedent at the time the note sued on, a renewal note, was executed. The jury found that Lot 12 was such business homestead, and 'as appellants did not move to set aside that finding by direct attack, it is conclusive of the issue. It appears that Lot 12 is on one side of a street, and Lots 4 and 5 are directly opposite, on the other side of the same street. Appellees claimed that the business homestead extended across the street to embrace all three lots, but the trial judge held that the intervention of the street, separating the properties, defeated that claim as a matter of law, and therefore refused to permit the jury to consider those two lots along with Lot 12 in determining the issue of business homestead. Appellees assail this ruling in a cross assignment of error presented here.

Out of this statement arises two primary questions:

First: Can an existing valid lien upon the family homestead be extended by contract to include the existing business homestead as additional security for the debt against the family homestead only?

Second: Can the business homestead on Lot 12 be spread across the intervening street to include Lots 4 and 5, as a part of that homestead, notwithstanding the intervention of a street between Lot 12 on one side and Lots 4 and 5 on the other?

■ The first question seems to have been settled in this State by a recent decision. Hayes v. First Trust Joint Stock Land Bank, Tex.Civ.App., 111 S.W.2d 1172. In that case the Fort Worth Court of Civil Appeals held, in effect, that an existing lien upon a part of the homestead may not be spread over another part not charged with the debt secured. In this case the debt was against only the 2½ acre tract, constituting the family homestead; it was not, in whole or in part, against any part of the business

homestead. No subsequent lien could be put on the latter except for purchase money or improvements, as provided by our State Constitution. See authorities cited in Hayes v. First Trust Joint Stock Land Bank, supra.

With reference to the second question we are of the opinion, as a matter of first impression in the absence of analogous authority, that if the record had shown that appellees' ancestor used and occupied Lots 4 and 5 "as a place to exercise his calling or business" at the time the same was encumbered to secure his debt to appellants, the exemption upon his business homestead on Lot 12 would be extended to include Lots 4 and 5, notwithstanding they were separated from Lot 12 by a public street. This should be so because the intervening easement is put there, not voluntarily by the homestead claimant, but through the exercise of the right of eminent domain by public authority.

■ But this holding is not deemed to be controlling here, for in our opinion from a study of the record Lots 4 and 5 were not used or occupied by the claimant "as a place to exercise his calling or business," which was a blacksmith shop located on Lot 12, within the contemplation of the constitutional exemption. McDonald v. Campbell, 57 Tex. 614; Rock Island Plow Co. v. Alten, 102 Tex. 366, 116 S.W. 1144. The trial court therefore properly withheld from the jury the issue of whether Lots 4 and 5 constituted a part of the business homestead. This question was raised in appellees' cross assignment of error, which we overrule.

The trial court adjudged that the sale of the properties involved was void, and cancelled and set aside that sale, but ordered the lien asserted by appellants foreclosed on all the properties other than Lot 12, under an alternative pleading therefor by appellants. Appellants complain of that adjudication in forty-seven primary and subsidiary assignments of error grouped under nine propositions, which we have carefully considered notwithstanding their general and multifarious nature, rendering it difficult to identify the points sought to be raised. We need not indulge in a detailed discussion of those points, for we think the disposition of the questions already discussed control the appeal. The findings of the jury, if sustained by the evidence, support the judgment rendered, and we are of the opinion that appellants

have not efficiently raised the question of the sufficiency of that evidence, to warrant this court in disturbing those findings.

In an earlier order we had dismissed this cause, but conclude on consideration of appellees' motion for rehearing, which appellants have not contested, to set aside that order and consider the case on its merits as best we can under the presentation of the case here, without prejudice to the continuing right to further consider the question of jurisdiction.

The judgment is affirmed.