**AETNA INSURANCE COMPANY et al.,**
Appellants,

v.

**H. M. FORD et ux., Appellees.**

No. 4180.

Court of Civil Appeals of Texas.

Eastland.

June 30, 1967.

Rehearing Denied July 21, 1967.

Fischer, Wood, Burney & Nesbitt, Corpus Christi, for appellants.

Burnett, Burnett & Joseph, Sinton, for appellees.

COLLINGS, Justice.

H. M. Ford and wife, Alice Ford, brought this suit for a temporary restraining order, temporary injunction and permanent injunction, to prevent Aetna Insurance Company and Constable Eakin from selling under execution three tracts of land owned by them in San Patricio County. As a basis for their suit plaintiffs alleged the lands constituted a part of their homestead. Defendants answered alleging in substance that plaintiffs' claim of homestead was false and made by plaintiffs pursuant to a scheme and plan to hinder, defraud and delay Aetna in collection of its debt. This appeal is from an order of the District Court granting a temporary injunction as prayed.

One point is presented in which it is contended that the court erred in granting the temporary injunction restraining the execution sale of the lands here involved because such lands, as a matter of law, did not constitute any part of appellees' homestead.

The general rule is that the granting or refusing of a temporary injunction is within the sound discretion of the trial court and that the action taken by the court will not be disturbed on appeal unless there has been an abuse of discretion. Texas Foundries, Inc. v. International Moulders & Foundry Workers' Union, 151 Tex. 239, 248 S.W.2d 460 (1952). Harding v. W. L. Pearson & Co., 48 S.W.2d 964 (Tex.Com. App.). It is likewise well established that "—the trial court's discretion is not unlimited and does not extend to the erroneous application of the law to undisputed facts." Southland Life Ins. Co. v. Egan, 126 Tex. 160, 86 S.W.2d 722 (Tex.Com.App.1935, opinion adopted by Sup.Ct.). If the order is based upon conflicting evidence or diverse inference it will not be disturbed. 31 Tex.Jur.2d 348, 349; King v. Plainview Nat. Farm Loan Ass'n, 86 S.W.2d 833 (Tex.Civ.App.1935, no writ history). An abuse of discretion is shown only when the record reflects that the findings of the trial court necessary to sustain its order granting or refusing a temporary injunction are not supported by any probative evidence. City of Houston v. Southwestern Bell Telephone Company, 263 S.W.2d 169 (Tex.Civ.App., 1953, error ref.).

The material considerations on an appeal from an order granting a temporary

injunction are set out by Judge Calvert in Transport Company of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 as follows:

"In a hearing on an application for a temporary injunction the only question before the court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. James V. E. Weinstein & Sons, Tex.Com. App., 12 S.W.2d 959, 960. To warrant the issuance of the writ, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. Rosenfield v. Seifert, Tex.Civ. App., 270 S.W. 220, 223; Nagy v. Bennett, Tex.Civ.App., 24 S.W.2d 778, 781; High on Injunctions, 4th Edition, Vol. 1, Sec. 5, p. 8. If the party enjoined prevails on a final trial of the case he finds protection against the improvident granting of the writ and consequent loss in the interim in the applicant's bond. Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue the writ and its order will be reversed only on a showing of a clear abuse of discretion. Texas Foundries v. International Moulders & Foundry Workers' Union, Tex.Sup., 248 S.W.2d 460, 462. There is no abuse of discretion in the issuance of a writ if the petition alleges a cause of action and the evidence adduced tends to sustain it. Southwestern Greyhound Lines, Inc. v. Railroad Commission, 128 Tex. 560, 99 S.W.2d 263, 109 A.L.R. 1235."

On November 28, 1966, the execution in question issued out of the District Court by virtue of a judgment for $138,097.10 in which appellant Aetna Insurance Company was plaintiff in judgment and H. M. Ford was a defendant. On December 19, 1966, the execution was levied by the Constable of Precinct 1, San Patricio County against the three tracts of land involved in this suit and a fourth tract all of which belong to appellees Ford and wife and are claimed by them as their homestead. At the request of appellant, Aetna Insurance Company the levy on a portion of Lot 9 of Section 12, the fourth tract included in the original levy, was released. This tract was purchased by appellees in 1918 where they have at all times since resided using the residence and improvements which they constructed thereon as a home. Appellant does not question the fact that such tract is appellees' homestead.

In 1943, appellees purchased an approximately 23 acre tract of land being all of 10 acre tracts 10 and 7 and fractional tract 8 out of said section 12. This tract joins Lot 9 on which appellees' residence is located and appellees claim it as a part of their homestead. Appellant contends that the undisputed evidence shows appellees never at any time made any homestead use of such tract adjacent to their dwelling, and that their homestead claim thereto must fail as a matter of law. This contention is not well taken and is overruled. Whether a tract of land adjoining a dwelling plot in which a homestead estate has been acquired is a part of the homestead is generally a question of fact. Continental Investment Company v. Schmeich, 145 S.W.2d 219 (Tex.Civ.App., 1940, writ ref.); Arto v. Maydole, 54 Tex. 244. In the instant case there was no evidence that the contiguous land was put to a use inconsistent with homestead purposes. There was evidence to the effect that appellees purchased the adjoining 23 acre tract because they feared that if they failed to do so it would be used to a purpose detrimental to their home. This in itself shows an appropriation of the property to homestead purposes. Little v. Baker, 11 S.W. 549 (Tex.Sup.Ct. 1889.).

Appellant further contends that the undisputed evidence establishes that the Fords' residence homestead is rural in nature and that their claim that two business lots in

the city of Sinton constitutes a business homestead cannot be sustained. It is undisputed that the Ford residential property is not within the limits of the City of Sinton but is situated about 1600 feet outside of and east of such city limits. To the northwest of the Ford home there are five houses on the road toward Sinton. One of these houses is on a small tract not owned by appellees in the northwest corner of Lot 9 and there are four houses on the Moss tract. West of the Moss tract is the old Morgan home. West of the Morgan tract and joining the east city limits of Sinton is the Beuna Vista Addition in which there are nine homes. The evidence also shows that there are twenty or thirty homes in the Dodd subdivision which is about ⁹⁄₁₀ths of a mile east of the Ford residence. South of the Beuna Vista Addition is the Rancho Chico Addition and the second Rancho Chico Addition where several people reside. The evidence shows that the Gerdes tract immediately west of a portion of appellees' property and southwest of their residence is being cut up into lots. All of this property except the Dodd subdivision is between the Ford residential property and the city limits of Sinton. Mr. Ford has never used any of his residential property for farming purposes or growing crops thereon. He did keep horses on a portion of his residential property from about 1923 to 1938. Mr. and Mrs. Ford receive city utilities, water from the City of Sinton, gas from United Gas Company and electricity from the Central Power and Light Company.

■ It is held that an urban homestead may be situated entirely outside the city limits of a city, town or village and that a rural homestead may be situated entirely within the limits of such a city. Jones v. First National Bank of McAllen, 259 S.W. 157 (Tex.Com.App.1924, opinion adopted by Supreme Court); Commerce Farm Credit Company v. Sales, 288 S.W. 802 (Tex.Com.App.1926, opinion approved.). The character of land as an urban or rural homestead is ordinarily a question of fact unless the facts and circumstances are such that reasonable minds cannot differ. Kimmey v. Goodrum, 346 S.W.2d 901 (Tex.Civ.App., 1961, ref. n. r. e.). In our opinion the evidence in this case presents a question of fact concerning the character of appellees' homestead as urban or rural. Appellant's contention to the contrary is overruled.

The city property claimed by the Fords as business homestead are lots 4 and 16, block 35, in the City of Sinton. It is undisputed that these lots, although in the same block, are not contiguous or adjacent. Ford is in the plumbing business and the evidence indicates that his office and main place of business is in the building located on lot 16 where he has been operating such business since he purchased the property in 1931. In 1947, Ford acquired lot 4 in block 35 and has since used it in connection with his business. He contends that there is evidence in the record tending to show that lots 16 and 4 are both used as a place for operating and transacting his plumbing business and that the use of lot 4 is not merely incidental to his business as contended by appellant. There is evidence to the effect that when he purchased lot 4 in 1947, he built a warehouse thereon but that he has also been using it as a shop in connection with and as a part of his business; that lot 16 is where the office is located and that portions of both buildings are also used in connection with his business for storage and warehouse purposes.

■ We agree with appellant's contention that the Fords are not entitled to claim both of these non-contiguous lots as a business homestead. Appellant specifically urges that Lot 4 cannot constitute any part of Ford's business homestead. Where a person has and is using two business homesteads he has the right to elect which he will hold but he is not entitled to claim both. Campbell v. First National Bank in Lubbock, 88 S.W.2d 1084 (Tex.Civ.App., 1935, writ ref.). In the instant case Ford has made no election. In Rock Island Plow

Company v. Alten, 102 Tex. 366, 116 S.W. 1144 (1909), where two non-contiguous lots were claimed as a business homestead under the provision of Section 51, Article 16 of the State Constitution it was stated as follows:

"The homestead here defined embraces the family residence or home as well as a place of business of the head of the family. There are not two homesteads, but one homestead, a part of which may be used for the business of the head of the family. Of the lots constituting the homestead there may be one or more subject only to the limitation of the value of $5,000. They may be connected or disconnected from each other, provided, they be used for the purposes of a home; that is, for such uses as contribute to the enjoyment of the home. One or more of these lots may be devoted to the business of the head of the family, but it must constitute 'a place to exercise the calling or business of the head of the family.' Under this definition of the homestead, that portion which is devoted to the business must constitute a place, that is, one place, at which the business is transacted. It may consist of more than one lot if so used as to make them a place for transacting that business. Lots 1 and 2, as shown by the facts in this case, were used as a place of business by Alten. His business house rested upon both lots. Therefore they were exempt by the Constitution. McDonald v. Campbell, 57 Tex. 614; Hinzie v. Moody & Co., 1 Tex.Civ.App. 26, 20 S.W. 769; Evans & Co. v. Pace, 21 Tex.Civ.App. 368, 51 S.W. 1094. Henry v. Corpus Christi Nat. Bank (Tex.Civ.App.) 44 S.W. 568.

The language applied to the lots to be used for the purposes of a home and the lots dedicated to the transaction of the business of the head of the family presents a sharp contrast in the character of the two exemptions. For the residence, or family homestead, it is not required that all of the lots should be used as 'the domestic or hearthstone home,' only that they be used 'for the purposes of the home.' For example, the residence of the family might be upon one lot, the garden upon another disconnected from the first and the third, disconnected from both the others, might be used for the purpose of a horse or cow lot, or other purposes of the home. In contrast to that language, it is provided that for the business exemption the lots must constitute a place to exercise the calling or business of the head of a family which forbids the construction that such lots might be used 'for the purposes' or in aid of the business of the head of the family."

The above holding in the Rock Island Company case has been followed in numerous instances by Texas Courts of Civil Appeals, and in our opinion is controlling in the instant case. See Farmers National Bank of Dublin v. Carmony, 62 S.W.2d 1115, 1117 (Tex.Civ.App.1933, no writ history); Mays v. Mays, 43 S.W.2d 148 (Tex.Civ. App.1931, writ ref.); Bowman v. Stark, 185 S.W. 921 (Tex.Civ.App.1916, writ dis.); Thomas v. Creager, 107 S.W.2d 705 (Tex. Civ.App., 1937, writ dis.).

The judgment is affirmed in part and is in part reversed and remanded. The action of the court in granting the temporary injunction is affirmed in so far as it restrains the sale of the Fords' residential property. For the reasons stated the portion of the temporary injunction restraining the sale of lots 4 and 16 is reversed and the cause is remanded.