H. M. FORD et ux., Petitioners,

v.

AETNA INSURANCE COMPANY et al., Respondents.

No. B–445.

Supreme Court of Texas.

Jan. 17, 1968.

Rehearing Denied Feb. 21, 1968.

Burnett, Burnett & Joseph, William G. Burnett, Sinton, Waitz, Bretz & Collins, San Antonio, for petitioners.

Fischer, Wood, Burney & Nesbitt, Frank W. Nesbitt, Corpus Christi, for respondents.

GREENHILL, Justice.

In a previous suit, Aetna Insurance Company recovered a judgment for approximately $138,000 against H. M. Ford and others. 394 S.W.2d 693 (Tex.Civ. App.1965, write ref'd n. r. e.). In an effort to satisfy that judgment, Aetna got out execution against the properties of Ford. He claimed to have an urban residential homestead just outside of Sinton, Texas, consisting of two adjacent tracts of land. Aetna contended that some 23 acres of this land did not constitute a part of his residential homestead. Ford also had two non-contiguous lots in the same block in Sinton, both of which he claimed to use in his plumbing business, and both of which he claimed as business homestead.

Ford and his wife brought this action against Aetna and the Constable of Precinct 1, San Patricio County, to enjoin the sale under writ of execution of the disputed portion of the residential homestead and the lots claimed as business homestead. The trial court granted Ford a temporary injunction. The Court of Civil Appeals sitting at Eastland affirmed as to all the residential property. It held, however, that because the two city lots were not contiguous, only one lot could be exempt as business homestead. In reversing the judgment of the trial court on temporary injunction, it held that Ford could elect which of the lots he would claim as business homestead. 417 S.W.2d 448.

Aetna did not file an application for writ of error; so the question as to the residential homestead is not before us. Ford contends that business lots need not be contiguous, and that there was evidence to sustain the action of the trial court in enjoining the sale of both lots. The questions before us are whether the fact that the two town lots are not contiguous prevents their constituting "a place" for a business homestead; and assuming that two non-contiguous lots may constitute "a place" for a business homestead, whether there was an abuse of discretion by the trial court in granting the temporary injunction to stay the sale.

As stated, the two lots claimed by the Fords as their business homestead are not adjacent or contiguous. The lots, both in Block 35 in Sinton, are separated by an alley. They are also separated laterally a

distance of 25 feet. As illustrated by the diagram below, not drawn to scale, they are so closely situated to one another as to be capable of use in a single business.

Mr. Ford testified that both lots were necessary and convenient for use in the exercise of his plumbing business, and that both were actually used in such business. His office, warehouse and sales area were located on lot 16, while the building on lot 4 contained his workshop and a storage area. While it is disputed, there is evidence in the record to support the Fords' contention that both lots were collectively used and necessary to the operation of his plumbing business.

Art. 16, Sec. 51, Texas Constitution, Vernon's Ann.St., defines the business homestead as follows:

"The homestead in a city * * * shall consist of lot, or lots * * * used * * * as a place to exercise the calling or business of the head of the family * * *."

In McDonald v. Campbell, 57 Tex. 614 (1882), this Court was first called upon to determine the extent of the business homestead exemption where the claimant claimed two non-contiguous lots. The plaintiff had execution levied on a house and lot owned by a druggist, who contended the house constituted part of his business homestead. The defendant's drug store was not contiguous to the house in question, which was used as a store room where patent medicines and other items used in the drug store were kept. In holding that the house was not exempt from execution as part of the business homestead, the Court said:

"We are of the opinion that the facts do not show that the use made of the house as a mere wareroom in which to store away articles of merchandise connected with the business in which the de-

fendant was engaged as a druggist, was, in a legal and proper sense, the use of that house and lot in the exercise of the defendant's calling or business. Whilst the law means to allow the head of a family, exempt from execution, one or more lots where he may exercise his vocation and conduct his business, its scope is not intended to extend so far as to protect from execution a lot or lots in excess of the lot or lots on which the vocation or the business of the head of the family is followed, even though such extra lots might be actually used in a way which was incidentally useful or profitable to the business which was being followed. Such supernumerary lots must be deemed merely auxiliary to the business office, station, store, shop or other like place of business; they are superfluous to the necessities of a trade homestead, which, according to the spirit of the constitution, demands no more than a sufficiency of lots whereupon to exercise the calling or business of the head of the family. Under the evidence in this case, we conceive that the drug store and lot was the defendant's place of business, and that the house in controversy was merely a place where the defendant stored certain goods in connection with his business as a druggist. We cannot believe that a proper construction of the constitution will so far expand its liberal provisions as to make them include lots indefinite in number, at the pleasure of the beneficiary,—limited only by their value not to exceed $5,000, when designated, without regard to their improvements,—and exacting no other requirement for exemption than their appropriation to collateral service and use in the business which the owner may be conducting on some other lot elsewhere in the town or city." 57 Tex. at 617.

The Court reached a similar result in *Rock Island Plow Co. v. Alten*, 102 Tex. 366, 116 S.W. 1144 (1909). In that case, the judgment debtor owned four lots which he claimed as business homestead. He operated a hardware and implement store on the front two lots, which were separated from his other two lots by a single lot owned by a third party; thus the front two lots were not contiguous to the back two lots. He used these latter two lots to store and expose for sale second-hand implements and vehicles which he had taken in trade, and to assemble vehicles and implements before placing them in his warehouse. The water closet used by his customers and himself was also located on the back lot. This Court held that the back two lots were not protected by the business homestead exemption, saying:

"* * * that portion which is devoted to the business must constitute a place, that is, one place, at which the business is transacted. It may consist of more than one lot if so used as to make them a place for transacting that business * * *."

"The language applied to the lots to be used for the purposes of a home and the lots dedicated to the transaction of the business of the head of the family presents a sharp contrast in the character of the two exemptions. For the residence, or family homestead, it is not required that all of the lots should be used as 'the domestic or hearthstone home,' only that they be used 'for the purposes of the home.' * * * In contrast to that language, it is provided that for the business exemption the lots must constitute a place to exercise the calling or business of the head of a family which forbids the construction that such lots might be used 'for the purposes' or in aid of the business of the family." 116 S.W. at 1144.

It is apparent from the quoted language of the above cases that the non-contiguity of the lots involved was not the controlling factor in determining that such non-contiguous lots were not part of the business homestead. Instead, the Court determined that the business homestead exemption was limited only to those lots actually used in the exercise of the business; and therefore lots merely used "in connection with" the

business or "in aid of" the business actually conducted on another lot were not protected by the business homestead exemption.

Some writers and legal scholars have concluded from these two cases that the business homestead exemption cannot, under any circumstances, extend to two or more non-contiguous lots. See, e. g. Nunn, Texas Homestead and Other Exemptions 137 (1931); Comment, 8 S.W.L.J. 90, 92 (1954); Note, 16 Texas L.Rev. 108 (1938). Dean McSwain also reached this conclusion from the *Rock Island Plow* case but stated that it constituted an unduly restrictive holding. McSwain, The Texas Business Homestead, 15 Baylor L.Rev. 39, 42 (1963). Several courts of civil appeals have reached the same conclusion in dicta, although the mere fact of non-contiguity never seems to have been the controlling consideration. See, e. g. Campbell v. First National Bank in Lubbock, 88 S.W.2d 1084 (Tex.Civ.App.1935, writ ref'd); Harrington v. Mayo, 61 Tex.Civ.App. 610, 130 S. W. 650 (1910, no writ); Parrish v. Frey, 18 Tex.Civ.App. 271, 44 S.W. 322 (1898, writ ref'd).

The holding that mere non-contiguity of lots will defeat the business homestead exemption is not compelled by either the literal language of the constitution or the *Campbell* and *Rock Island* cases. The constitutional definition of "lots used as a place * * * of business" is not expressly limited to contiguous lots. Since two adjacent lots with two buildings could clearly be exempted as business homestead, Rock Island Plow Co. v. Alten, supra, there is no logical reason why two non-contiguous lots collectively used as a place for the exercise of a single business cannot similarly be exempt.

We are further persuaded to this conclusion by the use of the wording "lot or lots" in the constitution. "Lots" for homestead purposes are tracts of land designated by use, and the word is not limited to the boundaries of platted lots of a city or subdivision. Hargadine v. Whitfield, 71 Tex.

482, 9 S.W. 475 (1888). Thus a tract of platted contiguous lots would be "a lot" for homestead purposes, and the constitutional exemption of "lots" would be meaningless if contiguity were required.

We hold, therefore, that the business homestead exemption may extend to two non-contiguous lots when such lots are used as a place for the operation of the business of the head of a family, and both are essential to and necessary for such business, not merely being used in aid of the business.

In a hearing on an application for a temporary injunction, the only question before the trial court is the right of the applicant to a preservation of the status quo of the subject matter of the suit pending a final trial of the case on its merits. Transport Company of Texas v. Robertson Transports, Inc., 152 Tex. 551, 261 S.W.2d 549 (1953). Since we have held that the fact that the lots are not contiguous does not, standing alone, prevent their being "a place" of business for homestead purposes, and since the Fords adduced evidence at the hearing for temporary injunction to support their contention that both lots were actually and necessarily used as a place for the operation of the plumbing business, no abuse of discretion by the trial court was shown.

The judgment of the Court of Civil Appeals reversing in part the judgment of the trial court and remanding the cause for further proceedings in accordance with its opinion is reversed, and the judgment of the trial court is affirmed.

GRIFFIN, J., dissenting.

DISSENTING OPINION

GRIFFIN, Justice.

I respectfully dissent. I agree with the holding of the Court of Civil Appeals in this case. 417 S.W.2d 448.