**CIVIC READING CLUB OF TEXAS, Appellant,**

v.

**Odie BUTLER, Appellee.**

**No. 4967.**

Court of Civil Appeals of Texas, Waco.

Dec. 22, 1970.

Rehearing Denied Jan. 14, 1971.

Andress & Woodgate, Wm. Andress, Jr., Dallas, for appellant.

Gardere, Porter & DeHay, J. Carlisle DeHay, Jr., Akin, Gump, Strauss, Hauer & Feld, Henry D. Akin, Dallas, for appellee.

MEMORANDUM OPINION

WILSON, Justice.

This action was brought by "Civic Reading Club of Texas", the petition alleging

it was a Texas corporation, chartered by the Texas Secretary of State. The prayer was for a temporary injunction and a permanent injunction restraining defendant-appellee from using the name, "Civic Reading Club", or that name with any addition thereto. The appeal is from the order denying a temporary injunction. We affirm.

The petition alleged defendant had opened an office in Dallas "in the name of Civic Reading Club of North Texas", and caused confusion in telephone and postal service to plaintiff's subscribers, interfering with plaintiff's operations and causing damages which defendant could not satisfy. Defendant answered that a Delaware corporation, Civic Reading Club, Inc., had entered into a contract in 1964 with a third person, Lyons, (terms of which contract are pleaded), granting to Lyons exclusive use of the name "Civic Reading Club" (coupled with the addition of a geographical location) in selling magazines; that this contract had been terminated and Lyons had no further right, under the terms of the contract, to use the name; that the Delaware corporation had granted the right to use the name to defendant. The Delaware corporation intervened, the motion to strike its intervention being overruled.

It appears from the stipulation of counsel that the issues of the right to terminate the contract with Lyons and its validity is the subject of litigation in Federal Court. The order appealed from does not purport to decide the merits of the present action against defendant; it merely denies a temporary injunction. In our opinion, from the entire record, the court did not abuse its discretion, which is the sole issue here. Daniel v. Goesl, 161 Tex. 490, 341 S.W.2d 892; Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589; Ford v. Aetna Ins. Co. (Tex. Sup.1968), 424 S.W.2d 612.

Affirmed.