109 B.R. 715 (1989)
In re Bayard M. SPENCER, III, Cheryl L. Spencer, Debtors.
Bankruptcy No. 88-12138.
United States Bankruptcy Court, W.D. Texas, Austin Division.
June 19, 1989.
*716 Carl Hendrix, Houston, Tex., for Thomas L. Hendrix and wife, Patricia Dearman Hendrix.
Robert P. Hoffman, Austin, Tex., for defendants.

DECISION AND ORDER ON OBJECTIONS TO EXEMPTION
LEIF M. CLARK, Bankruptcy Judge.
Came on for hearing the objections of Thomas L. Hendrix and wife, Patricia Dearman Hendrix to the exemptions claimed by the Debtors in this case to a 2.5 acre tract of property located at 3100 Kuskokwim, Cedar Park, Williamson County, Texas. The Debtors' home is located on this tract. The tract in turn is one of twenty or so tracts assembled by a developer whose avowed intention (according to his testimony at the hearing) was to give buyers an opportunity to live in the country, away from city development. Neither this tract nor most of the other developed tracts in the area are used for anything but "country living," i.e., no farming or ranching activities of any significance are conducted on any of the residential tracts. The entire development is located or carved out of ranch land and ranching activities are still conducted on surrounding land. Pictures introduced at the hearing reflected an obvious rural appearance to the general area. Neither of the Debtors are engaged in farming or ranching activities. To the contrary, the Debtor is an architect and, though he does some of his work at his house, he does not solicit business at his home address (this sort of solicitation is prohibited by the rules of the development in any event).
The Debtor, of course, maintains that the property is rural homestead and the Debtor should, therefore, be entitled to retain the entire tract. The objecting parties, on the other hand, contend that the property is in fact urban in character and in any event is not used for the purpose of a rural home, i.e., the balance of the property is not devoted to the support of the family. The objecting parties also point out, that while the property is not serviced by city water, other utilities including postal service do come from nearby Cedar Park (approximately three miles away). Residents in the development also attend churches in Cedar Park. Roads service the development, which also has access to a private airstrip.
The question being placed squarely before the court is a narrow one: Do "country estates" qualify for the rural homestead exemption? The issue is raised by the wording of the statute itself. Section 41.002(b) provides that:
If used for the purposes of a rural home, the homestead shall consist of:
(1) for a family, not more than 200 acres, which may be in one or more parcels, with improvements thereon . . .
TEX.PROP.CODE ANN. § 41.002(b) (Vernon Supp.1989).
The question was most recently addressed in In re Moody, 77 B.R. 580 (S.D. Tex.1987), aff'd, 862 F.2d 1194 (5th Cir. 1989). In Moody, the district court considered whether a 200-acre parcel of land on Galveston Island qualified as rural homestead. The court acknowledged that a question of rural or urban character is one of fact. Id., at 591, citing Aetna Insurance Co. v. Ford, 417 S.W.2d 448 (Tex. Civ.App.  Eastland 1967), rev'd on other grounds, 424 S.W.2d 612 (Tex.1968); First State Bank of Grapeland v. Brown, 490 *717 S.W.2d 248 (Tex.Civ.App.  Tyler 1973, no writ); Kimmey v. Goodrum, 346 S.W.2d 901 (Tex.Civ.App.  Waco 1961, writ ref'd n.r.e.). Said the district court:
Under Texas law, no set formula exists to label land as rural or urban. The courts have examined and balanced many factors. Although location of a homestead is a factor, it is not determinative of whether the character of the land is rural or urban. Where a rural homestead right exists in lands adjacent to a town or city, an extension of the corporate lines of the city or town around the land will not destroy the character of the rural homestead. A rural homestead may be situated entirely or partially within the corporate limits of the city, . . . and an urban homestead may be located outside of the corporate limits . . . (citations omitted)
. . . . .
The character of the land in close proximity to the claimed homestead as well as the occupations of those living in the surrounding areas are probative of a tract's rural or urban characteristics . . . (citations omitted)
. . . . .
To constitute a rural homestead, the land must be used for a residence and the balance of the tract for the support of the family. Ratliff v. Smith, 178 S.W.2d 138, 140 (Tex.Civ.App.  El Paso 1943, writ ref'd); Vaden v. Collier, 253 S.W. 889 (Tex.Civ.App.  Fort Worth 1923, no writ).
In re Moody, 77 B.R. at 592-93.
While it is Texas and not federal law which controls the interpretation of Texas exemption statutes, see In re Barnhart, 47 B.R. 277 (Bankr.N.D.Tex.1985), this court concurs with Judge Bue's analysis of Texas law in In re Moody.
The property in this case is used primarily as a residence and not for the maintenance or support of the family. It has been said that the rural homestead combines the dual functions of a homestead, in that it furnishes the debtors' family a place to live while at the same time furnishing the debtor the means of supporting his or her family. Vaden v. Collier, 253 S.W. 889, 891 Tex.Civ.App.  Fort Worth 1923, no writ).[1] To give effect to the language of the statute ("If used for the purpose of a rural home"), a court should look for this dual use with respect to a rural tract of property. To echo the sentiment expressed by the district court in In re Neale,
The framers of our organic law had no thought of exempting 200 acres of land in the country as a home for each family, upon which its members might reside, when they thought proper, but this exemption is only in the event such lands are used for the purpose of a home.
Neal, 274 F.Supp. at 973, quoting Cocke v. Conquest, 120 Tex. 43, 35 S.W.2d 673, 678 (Tex.Comm'n App.1931, opinion adopted) (emphasis added).
If these tracts were located nowhere near a developed city and did not themselves have the incidents of a city, they would in all likelihood enjoy a characterization as rural property if for no other reason than that they could not be classified as urban property. See Posey v. Bass, 77 Tex 512, 14 S.W. 156, 157 (1890) ("place of homestead gives character, . . . if it be in the country, it be rural homestead") cf. Fajkus v. First National Bank of Giddings, 735 S.W.2d 882, 886 (Tex.App.  Austin 1987, no writ) (court found the only evidence indicating property was not rural in character was that it was located "in" or "at" town). Where, however, an urban use is suggested and bolstered by proximity to *718 an urban area, this court holds that the subject property may not be rural unless it is indeed used for the purposes of a rural home, i.e., used both as a residence and as a means to support the Debtor.[2]
For these reasons, the court concludes that the property in question does not qualify as rural homestead because it is not used for purposes of a rural home, but rather for purposes of an urban home. The property itself is used solely for residential purposes. What agricultural uses are permitted are principally for hobby rather than support. The tract in question has no livestock, no crops, no farm products associated with its use. Its location was selected to assure the flavor of country living, but not to afford its residents the means to live in the country. A town and its attendant city services is hard by, and residents of the development rely on those services. The subject property is not "used for the purposes of a rural home."[3] The Debtors, accordingly, are directed to designate one acre of land as their homestead. The balance is subject to the claims of the estate.[4]
It is SO ORDERED.
NOTES
[1] The urban homestead, by contrast may consist of two different tracts, one the residence and the other the business homestead (presumably where the Debtor pursues his livelihood in support of his family). Of course, not all urban dwellers even have a homestead at all, much less both a residential and business homestead. Cheswick v. Freeman, 155 Tex. 372, 376, 287 S.W.2d 171, 173 (1956); Silvers v. Welch, 127 Tex. 58, 91 S.W.2d 686, 688 (Tex.Comm'n App. 1936). Simply because the statute authorizes a debtor to have a business homestead does not as of right guarantee to every urban dweller one acre of land exempt from execution. The tracts must otherwise qualify in the manner in which they are used before they will be treated as exempt. In re Neale, 274 F.Supp. 969, 973 (N.D. Tex.1967).
[2] It is critical to note here that the court does not rely so much on the occupation of the Debtors as on the use to which the land is put relative to its locality. Texas law is clear that the place of the homestead is what gives character to it, not the business of the head of the family. Posey v. Bass, 77 Tex. 512, 14 S.W. 156 (1890). It is also important to note that the district judge in Moody found that the tract there in question was rural in no small part because of its use for a rural purpose, i.e., cattle were running on the tract. In re Moody, 77 B.R. at 594.
[3] This result does not, in this court's view, undermine the liberality with which exemption laws are to be applied. The salutary purpose of the statute to be indulged with liberality is simply to preserve the homestead from creditor collection. It is not to assure the maximum acreage possible. The law does not favor a rural homestead over an urban homestead. The exemption laws assume, perhaps too simply, that there are farmers and there are city dwellers. Though times have changed, the exemption laws are still premised on this antiquated assumption. The legislature, in modern times, revised the urban homestead to allow an acre of land  but left the rural homestead definition untouched. Acts 1984, 68th Leg., 2d C.S., p. 216, ch. 18, § 2(b), eff. Oct. 2, 1984.
[4] Evidence was presented that, as an economically practical matter, such a designation would not yield economically useful property to creditors of the estate. That economic reality may ultimately shelter the balance of the property from creditor's claims. The homestead laws, however, will not.